[No. 1688. Decided February 14, 1895.]

O. J. CAMPBELL et al., Appellants, v. STERLING MANU-FACTURING COMPANY et al., Defendants, H. E. TUCK, Appellant, PETER WOGLIN et al., Respondents.

LOGGING LIENS — MANUFACTURE OF SHINGLES — WHO ENTITLED TO LIENS.

Persons engaged in cutting shingle bolts to be used in the manufacture of shingles are entitled, under Laws 1893, p. 428, § 2 to a lien upon the shingles as long as they are under the control of the manufacturer.

Under Laws 1893, p. 428, giving a lien to every person performing labor upon, or who shall assist in obtaining, saw logs and other timber to be manufactured into lumber and shingles, does not apply to one who employs other men to work thereon, and who does not directly perform the labor himself.

Appeal from Superior Court, Skagit County.

Million & Houser, for appellants.

C. C. Bitting, for respondents.

The opinion of the court was delivered by

DUNBAR, J.—The Sterling Manufacturing Company, one of the defendants, was engaged in the manufacture of shingles during the year 1894, in Skagit county, and the plaintiffs, O. J. Campbell et al., worked in the mill and assisted in the manufacture of shingles. The latter afterwards filed their liens and began this action to foreclose. Defendants not appearing, their default was entered, and plaintiffs had judgment establishing their liens. The intervenors who are the respondents here, together with H. E. Tuck, intervenor and appellant, asked and obtained leave of the court to intervene, and in due course of time their rights were tried by the court, and, with the exception of appellant Tuck, their liens were sustained.

All the intervenors save Tuck worked under a contract with the company whereby they were to cut shingle bolts at $1.10 per cord, which bolts were used in the manufacture of the shingles on which the plaintiffs claimed their liens. The shingles were sold and the money held by a trustee for the benefit of all parties interested. The plaintiffs, Campbell and others, contend that the court erred in allowing the liens of the intervenors, and that the court should be sustained in denying the lien to intervenor Tuck.

We do not think the court erred in sustaining the liens of the intervenors. The statute (§ 2 of ch. 132 of the Laws of 1893, p. 428), provides that —

"Every person performing work or labor, or assisting in manufacturing saw logs and other timber into lumber and shingles, has a lien upon such lumber while the same remains at the mill where it was manufactured, or in the possession or under the control of the manufacturer," etc.

We think it is too narrow a construction of this act to hold that the lien should have been filed against the shingle bolts instead of against the manufactured article, as long as the shingles were under the control of the manufacturer. It was evidently the intention of the legislature to provide a more adequate and general remedy for the persons performing labor upon timber of this kind, and that necessity was, no doubt, suggested to the legislature by the construction which this court placed upon the former law in the case of *Dexter Horton & Co. v. Sparkman*, 2 Wash. 165 (25 Pac. 1070). We think that there can be no doubt that the court properly construed the law in allowing the liens upon the shingles in this case.

It is urged, however, by the brief of respondent intervenors that the court erred in not allowing the lien of intervenor Tuck; but in this we think also the court properly construed the lien laws. Sec. 1, as well as § 2, of the act above mentioned, provides that "every person performing labor upon, or who shall assist in obtaining," etc., shall be entitled to a lien. But we do not think that this goes so far as to make provision for a lien for a person who does not directly or indirectly perform labor upon such timber or logs. Evidently, Tuck, in this instance, having employed men to do this particular work, did not directly perform the labor himself; and we think the object of the law was to give a lien to the men who directly performed the labor. It is true the statute says that he who *assists* in manufacturing sawlogs and other timber into lumber and shingles has a lien, etc., but we do not think that intervenor Tuck assisted within the meaning of the word as used in the law. One who worked upon a logging road; one who greased the skids, or did such secondary or rather indirect work as this, could be included under

the expression "assisting in" or "who shall assist;" and it was probably to meet the requirements of such employes as these that these words were added to the phrase "every person performing labor upon," in both §§ 1 and 2 of the act above referred to.

We think no error was committed by the court in any respect. The judgment will, therefore, be affirmed.

HOYT, C. J., and GORDON and ANDERS, JJ., concur.