[No. 1841. Decided January 9, 1896.]

JOHN RYAN, *Respondent*, v. O. D. GUILFOIL, *Defendant*, JOHN W. HART, *Appellant*.

LOGGING LIENS — WORK UPON FENCE POSTS.

A lien for work performed upon manufactured fence posts can be asserted only under Laws 1893, p. 428, §2, providing that "every person performing work or labor or assisting in manufacturing sawlogs and other timber into lumber and shingles has a lien upon such lumber while the same remains at the mill where it was manufactured, or in the possession or under the control of the manufacturer," and under such provision one who has hauled the posts from the place of manufacture to the place of delivery to the purchaser is not entitled to file a lien for such hauling.

Appeal from Superior Court, King County.—Hon. ALFRED BATTLE, Judge pro tem. Reversed.

*Tipton & Haddock*, for appellant.

*Samuel S. Carlisle*, for respondent.

The opinion of the court was delivered by

DUNBAR, J.—The appellant John W. Hart and defendant O. D. Guilfoil entered into a written contract whereby Guilfoil agreed to deliver to Hart 30,000 fence posts of dimensions specified in the article of agreement which appears in exhibit in the case, and Hart agreed to pay Guilfoil therefor upon their delivery. Respondent Ryan had been employed by Guilfoil to haul said posts from the place where they were manufactured to the place where they were to be delivered to Hart. Guilfoil failing to pay him for his services, he brought an action for the same alleging the labor upon the posts aforesaid, and alleging that Guilfoil acted as an agent of Hart the owner and reputed owner of the posts in employing him, that he had duly filed his lien upon said posts which said lien was duly recorded, asking for judgment against defendant Guilfoil and appellant Hart and for a decree establishing his lien upon the said logs; also alleging that respondent Lawrence Desmond claimed some lien upon, or interest in, the said described posts, and asking that the said Lawrence Desmond be obliged to set forth the nature of his lien or claim, and that his said lien, if he had any, should be considered to be junior to plaintiff Ryan's lien; whereupon Desmond came into the court and asked for foreclosure of his lien upon the said posts. Upon the trial of the action, judgment was rendered in favor of plaintiff Ryan and against the defendant Guilfoil for the sum of $13.15 with

costs and attorneys' fees, and in favor of respondent Desmond and against the defendant Guilfoil for the sum of $100 together with costs and attorneys' fees, and it was further decreed that plaintiff Ryan and defendant Desmond have respectively liens for the full amount of their said judgments upon the fence posts mentioned in the complaint, and that the same be sold to satisfy said judgments.

We do not think this judgment can be sustained. The court found and the evidence shows that the labor for which the lien is claimed was the hauling of the fence posts after they had been manufactured to the place designated by Hart for their reception by him. The contract between Hart and Guilfoil was a simple contract of purchase and delivery, or rather, a purchase upon delivery. There was nothing in the contract or in the evidence which would warrant the conclusion reached by the court that Guilfoil was acting as Hart's agent in procuring this labor upon the posts. Guilfoil simply agreed to deliver 30,000 posts to Hart at a place specified, and Hart agreed to pay him for the same upon their delivery.

It is contended by the respondent that a lien of this kind is provided for in § 1, page 428, of the Laws of 1893, which section provides that —

"Every person performing labor upon or who shall assist in obtaining or securing sawlogs, spars, piles or other timber, has a lien upon the same,"  .  .  .

and it is insisted that these posts fall within the definition "other timber," but it does not seem to us that this contention can be reasonably sustained, especially in view of § 2 of the same act, which provides that —

"Every person performing work or labor or assisting in manufacturing sawlogs and other timber into lumber and shingles, has a lien upon such lumber

while the same remains at the mill where it was man- ufactured, or in the possession or under the control of the manufacturer, whether such work or labor was done at the instance of the owner of such logs or his agent or any contractor or sub-contractor of such owner."

It would seem that the kind of services rendered in this case would fall within the provisions of the last section. Certainly, no labor was performed upon these fence posts, under the testimony in the case, before they were completed fence posts, neither did these respondents assist in obtaining or securing these fence posts in the sense in which the words " assist in obtaining or securing" are evidently used in § 1, which simply means to provide a lien for persons per- forming labor other than labor directly upon the logs, such as labor in opening roads or keeping the skids in order, or doing various things around the logging camp, which in reality assist in obtaining or secur- ing the logs, spars or piles, although the labor is not directed primarily to the logs, spars, piles or other timber. But here is something the manufacture of which is already complete, and if it could be doubted that these posts fell within the definition of lumber, such doubt is dispelled by the concluding sentence in § 2, that —

" The term lumber, as used in this act, shall be held and be construed to mean all logs or other timber sawed or split for use, including beams, joists, planks, boards, shingles, laths, staves, hoops, and every article of whatsoever nature or description manufactured from saw logs or other timber."

If these fence posts had been sawed in a mill they certainly would have been manufactured articles un- der the provisions of § 2, and they are no less manu-

factured articles because they are split, and it matters not whether they are split through the medium of a maul and wedge or through the medium of machinery in a mill; they are in either case manufactured from timber, and being so manufactured they are articles described in § 2, hence no lien attaches to them after they leave the possession or control of the manufacturer.

The judgment will be reversed and the cause remanded with instructions to the lower court to amend its judgment by expunging from the decree all that portion commencing with and following the words "It is further considered adjudged and decreed by the court that the said plaintiff and the said defendant Lawrence Desmond have respectively liens for the full amount of their said judgment, etc.," and that judgment of dismissal shall be entered in favor of the appellant Hart, and that he shall have judgment for his costs against respondent Ryan.

HOYT, C. J., and ANDERS, SCOTT and GORDON, JJ., concur.