[No. 7226.  Decided April 27, 1908.]

R. C. O'BRIEN *et al., Respondents*, v. PERFECTION PILE
PRESERVING COMPANY, *Appellant.*[1]

LOGS AND LOGGING—LIENS—AGENT OF OWNER—STATUTES—CONSTRUCTION. A person getting out logs and piling under a contract with the owner is an agent of the owner, within the meaning of Bal. Code, § 5930, giving a lien thereon in favor of certain persons rendering services at the instance of the owner or his agent.

SAME—LIEN—SERVICES INCLUDED. The lien given by Bal. Code, § 5930, in favor of every person performing labor or assisting in obtaining timber products, extends to hauling logs and piles before being worked into a finished product, and is not restricted to railroads and steamboats by the clause giving such carriers liens for hauling or towing.

[1]Reported in 95 Pac. 489.

Appeal from a judgment of the superior court for King county, Griffin, J., entered July 2, 1907, upon the verdict of a jury rendered in favor of the plaintiffs, in an action on contract. Affirmed.

*George E. de Steiguer,* for appellant.
*Morris, Southard & Shipley,* for respondents.

ROOT, J.—This action was brought by plaintiffs to recover for services claimed to have been rendered in obtaining and securing sawlogs and piles, which were removed by the owner, this appellant, after plaintiffs had filed liens for their services. From a judgment in plaintiffs' favor, the defendant company appeals.

Defendant Hopgood had a contract for getting out this timber. Plaintiffs claim that he hired them as such contractor, and that as such he was the agent of the defendant company. The latter urges that O'Brien was jointly interested in the contract with Hopgood, and performed the services in question as such contractor. It also claims that Hopgood as contractor was not its agent—that the statute as to loggers' liens is different from others which expressly constitute the contractor an agent for the owner. The last question involves the construction to be placed upon Bal. Code, § 5930 (P. C. § 6082), which reads:

"Every person performing labor upon or who shall assist in obtaining or securing saw logs, spars, piles, cord wood, shingle bolts or other timber, and the owner or owners of any tugboat or towboat which shall tow or assist in towing, from one place to another within this state, any saw logs, spars, piles, cord wood, shingle bolts or other timber, and the owner or owners of any logging or other railroad over which saw logs, spars, piles, cord wood, shingle bolts or other timber shall be transported and delivered, shall have a lien upon the same for the work or labor done upon, or in obtaining or securing, or for the services rendered in towing, transporting or driving, the particular saw logs, spars, cord wood, single bolts or other timber in said claim of lien described, whether

such work, labor or services was done, rendered or performed at the instance of the owner of the same or his agent. The cook in a logging camp shall be regarded as a person who assists in obtaining or securing the timber herein mentioned."

We think that a person getting out logs and piling under a contract with the owner is an agent within the meaning of this statute.

Appellant further contends that the statute provides no lien for merely hauling timber products after the same have been cut, except when hauled by tugboats, towboats, logging or other railroads. *Ryan v. Guilfoil*, 13 Wash. 373, 43 Pac. 351, is cited in support of this contention; but we think it fails to give it support—that it has no application to a case like this where the logs and piles were hauled before being worked into a finished product. The case of *Proulx v. Stetson & Post Mill Co.*, 6 Wash. 478, 33 Pac. 1067, shows the liberality with which this court construes the statute in question.

The question as to whether O'Brien was a joint contractor with Hopgood, or whether he performed the service as one hired by Hopgood, was submitted to a jury. Its verdict in favor of respondents must be held conclusive here, as we find nothing in the evidence, instructions, or elsewhere justifying its disturbance.

The judgment is affirmed.

HADLEY, C. J., DUNBAR, CROW, RUDKIN, FULLERTON, and MOUNT, JJ., concur.