[No. 21929. Department One. January 16, 1930.]

L. B. DELONG *et al.*, *Plaintiff*, v. HI CARBON COAL COMPANY, *Respondent*, L. D. CHILDERS *et al.*, *Interveners*, CARL FORS, *Appellant*, JOE WANS, *Defendant*.[1]

[1]Reported in 283 Pac. 1079.

*Carl J. Smith,* for appellant.

*Forney & Ponder* and *Stratton & Kane,* for respondent.

BEALS, J.—This action was instituted by L. B. De Long for the purpose of foreclosing certain liens against the property of defendant and respondent Hi Carbon Coal Company. L. D. Childers intervened in the action, seeking the foreclosure of certain other liens. Joe Wans, the general contractor, was made party defendant, as were other lien claimants, including Carl Fors, appellant here. From a decree granting Mr. Fors judgment against Joe Wans, the general contractor, dismissing his cross-complaint as against Hi Carbon Coal Company, a corporation, and denying foreclosure of the lien claimed by Mr. Fors, he appeals.

The only parties interested in this appeal are Carl Fors, lien claimant, appellant, and Hi Carbon Coal Company, a corporation, owner, respondent.

Respondent, through its agent and general contractor, Joe Wans, undertook the erection of a railroad trestle upon a portion of its real estate. Appellant was employed by Mr. Wans to perform work and labor in cutting and preparing a specified number of logs and stringers for use in the trestle at the agreed price of

$1,189. Appellant fully performed his contract, but received only $400, leaving a balance due him in the sum of $789, for which amount he filed against respondent's property the lien sought to be foreclosed herein.

The trial court entered the following findings of fact:

## "I.

"The court finds that the defendant, Hi-Carbon Coal Company, is a corporation duly organized and existing under and by virtue of the laws of the state of Washington.

## "II.

"That, on or about the 24th day of November, 1927, the defendant, Joe Wans, entered into a contract with the Hi-Carbon Coal Company, whereby the said Wans was to furnish all labor and material and build a certain elevated railroad track or trestle for the said coal company; that the said Wans, on or about the date aforesaid, entered into a contract with the lien claimant, Carl Fors, whereby the said Carl Fors was to go upon the said timber lands of the defendant, coal company, and manufacture therefrom certain timbers, stringers and caps to be used in said trestle for the agreed price of nine cents (9c) per lineal ft., for 148 pieces, and ten cents (10c) per lineal ft. for the remainder, to be paid to him by the said Wans, making a total contract price of $1,189.

"The court further finds that the said Fors employed men and began the performance of said contract, and actually caused to be manufactured, ready to be delivered thereunder, timbers of the agreed value of $1,189; that it does not appear in the evidence that any men were employed, nor for how many days, nor for what wages; that no part of said $1,189 has been paid, except the sum of $400.

## "III.

"That the said Joe Wans transported part of said timbers, so manufactured by the said Fors as aforesaid, from the woods to the defendant company's right of way, for the purpose of being used in the construc-

tion of said trestle, but part thereof still remain in the woods, and that the defendant, Hi-Carbon Coal Company, accepted the timbers and used the same as they were delivered to it, and that said trestle, at all times was and is in the possession and under the control of said Hi-Carbon Coal Company, and that said Hi-Carbon Coal Company and its officers, agents and employees knew that said Fors was employed by said Wans and was actually engaged in manufacturing said timbers, according to direction of said Wans and following plans and specifications therefor provided by said coal company ready and complete to be built into said trestle, but said Fors has not been fully paid therefor.

"That no duplicate statement or invoice was ever mailed or delivered to the said Hi-Carbon Coal Company, showing the amount of materials furnished by said Fors, nor was any invoices or notice of any kind, as to said material, ever given to the defendant, Hi-Carbon Coal Company, and no notice was ever given or claim made that a lien might be claimed for said material or any part thereof, and no attempt whatever was made to comply with the provisions of Section 1133, Remington's Compiled Statutes of the state of Washington.

"IV.

"The court further finds that the timbers and material so secured by said Fors was by him and his employees hewed and shaped and cut into proper lengths for use in said trestle at the place where the trees were felled in the forest.

"V.

"The court further finds that that part of said timbers and material delivered at the trestle was placed in said trestle with the knowledge and consent of the said Carl Fors.

"VI.

"That the performance of said labor ceased on the 7th day of February, 1928, and that in order to secure the payment for said labor and the manufacturing of said timber, stringers and logs, the defendant Fors prepared and filed within the time provided by stat-

ute a notice of lien in due form and that the said notice was duly executed, sworn to and filed with the Auditor of Lewis county, Washington, on the 6th day of March, 1928, and recorded in volume 12 of liens at page 88, records of said county.

"VII.

"That, at the time of the filing of said notice of lien, the said stringers and timber were partly used by Wans for the defendant company in building the said bridge and trestle on its railroad right of way situated less than one mile from the said timber and that remaining part of the said stringers and timber were still in the woods located on the defendant company's ground and was at all times in the possession of the defendant company; and said timber delivered was all used by defendant company."

From which findings it concluded that, as appellant had not complied with Rem. Comp. Stat., § 1133, requiring the delivery by any materialman to the owner of duplicate statements of the material furnished, appellant was not entitled to maintain his lien. Appellant took no exceptions to the findings of fact, but did except to the conclusion of law.

No statement of facts is before us, the case being submitted upon the findings made by the trial court.

Appellant claims under Rem. Comp. Stat., § 1162, which grants a lien to every person performing labor upon, or who shall assist in obtaining or securing, sawlogs, *et cetera*.

From the findings above quoted, it appears that appellant was to go upon the timber lands of respondent and manufacture therefrom certain timbers, stringers and caps to be used in the trestle being constructed for respondent; that a portion of the timbers so manufactured by appellant were transported from the place where they were shaped to the right of way owned by respondent and were used in the construction of the trestle, but that, at the time appellant filed

his notice of claim of lien, some of the shaped logs or timber were still in the woods.

Appellant claims that respondent is liable for eloignment as to those logs which had been built into its trestle prior to the filing for record of appellant's notice of claim of lien.

We are of the opinion that, from the findings, it must be concluded that appellant was entitled to claim a lien under § 1162, Rem. Comp. Stat., *supra* (*O'Brien v. Perfection Pile Preserving Co.*, 49 Wash. 395, 95 Pac. 489; *Steele v. Hellar*, 127 Wash. 140, 219 Pac. 879), and that the labor which he was performing was not of such a character as falls exclusively within the purview of § 1133, Rem. Comp. Stat., which requires the delivery to the owner of statements of material furnished within five days after the delivery thereof.

The findings, however, do not disclose a situation which enables appellant to hold respondent for eloignment, and appellant's claim of lien can attach only to such logs or timbers as had been shaped by him but which had not, at the time of filing of the claim of lien, been built into the trestle. As the findings affirmatively show that there were some logs or timbers which had been prepared or shaped by appellant and which were still in the woods, the conclusion of law entered by the trial court to the effect that appellant was entitled to no lien thereon was so far erroneous.

Respondent relies upon the rule that lien statutes, being in derogation of the common law, must be strictly construed, and, in support of this argument, cites *Tsutakawa v. Kumamoto*, 53 Wash. 281, 101 Pac. 869, 102 Pac. 766, and *De Gooyer v. Northwest Trust & State Bank*, 130 Wash. 652, 228 Pac. 835. The principle of law relied upon by respondent was correctly

laid down in the cases cited, but is inapplicable to the facts of the case at bar.

We conclude that Wans, the general contractor, was respondent's agent for the purposes of § 1162, Rem. Comp. Stat., *supra,* and that the judgment dismissing appellant's cross-complaint as to respondent was erroneous.

■ Respondent has moved to strike appellant's brief and dismiss this appeal upon the ground that appellant's opening brief was not served or filed within the time provided by law, and that no extension of time had been granted or good excuse for the delay shown. This motion is denied, but, in view of the fact that appellant's opening brief was not timely filed or served, appellant will not tax any costs on account thereof.

The judgment appealed from is reversed, with instructions to the trial court to determine the number and amount of logs cut and shaped by appellant, not included in respondent's trestle at the time of the filing of appellant's notice of claim of lien, and to allow appellant's claim of lien as against the same.

MITCHELL, C. J., TOLMAN, MILLARD, and PARKER, JJ., concur.