[No. 8-40085-2.   Division Two.   November 26, 1969.]

RONALD R. MOSS, *Appellant*, v. WEST TACOMA NEWSPRINT COMPANY, *Respondent*.

*Pebbles, Swanson & Lindskog, Jerome L. Buzzard,* and *Harold A. Pebbles,* for appellant.

*Gordon, Honeywell, Malanca, Peterson & Johnson* and *James A. Furber,* for respondent.

ARMSTRONG, C. J.—Plaintiff Ronald R. Moss appeals from a dismissal of his suit to foreclose a logger's lien against defendant West Tacoma Newsprint Company and his alternative cause of action to enforce contractual provisions as a third-party beneficiary. The major question presented by this appeal concerns the applicability of the logger's lien statute, RCW 60.24.020, to the claim of a logging subcontractor against the purchaser of timber from the United State Government.

The dispute involves the payment of money owed by George R. Zion, doing business as Dougherty and Zion Logging Company, to plaintiff, Ronald R. Moss, doing business under the name of Ron Moss Company. George R. Zion has

been adjudged a bankrupt and his estate in bankruptcy is represented by Keith McGoffin as trustee. The trustee did not take an active part in the trial or on this appeal.

The defendant, West Tacoma Newsprint Company, on or about June 30, 1964, entered into a timber sale contract with the United States Forest Service to log and purchase timber and to construct roads in the Snoqualmie National Forest.

On September 1, 1964, defendant and George R. Zion executed a written contract whereby Zion agreed to cut the timber and construct the roads in accordance with the plans and specifications set forth in defendant's contract with the United States Forest Service. This contract incorporated by reference the contract between defendant and the United States Forest Service.

Sometime during the month of September, 1964, plaintiff entered into a verbal agreement with Zion whereby plaintiff agreed to perform the road construction work required of Zion in his contract with defendant. Work was commenced by plaintiff during the month of September, 1964. The verbal agreement was formalized by a written contract executed by plaintiff and Zion on June 1, 1965. This contract incorporated by reference the contract between West Tacoma Newsprint Company and Zion. Plaintiff continued work under his contract with Zion until the first part of December, 1965.

The total amount earned by plaintiff under his contract with Zion was $138,124.68. Plaintiff received a total of $114,700.45 in payment. A balance of $23,424.23 remains owing to plaintiff by Zion. Of this balance plaintiff received a check dated December 22, 1965, from Zion which was not paid because of insufficient funds.

Zion failed to pay the balance due under the contract and on February 2, 1966, plaintiff filed a logger's lien against defendant under RCW 60.24.020 in the office of the Lewis County auditor. The lien set forth a claim substantially in the amount of the balance due him on his contract with

Zion on the logs that were felled, bucked, and cold decked along the right-of-way of the road plaintiff was constructing.

During the course of the road construction under the terms of his contract with Zion, plaintiff's crew felled, bucked, and removed the logs along the right-of-way as designated by the United States Forest Service. The logs were then cold decked along the right-of-way. These logs were the basis of the lien.

During the road construction work and the removal of timber associated therewith, plaintiff provided and paid for all necessary equipment and labor. Plaintiff personally supervised the job and operated some of the equipment.

The trial court dismissed plaintiff's suit and entered judgment for the defendant.

Plaintiff makes 19 assignments of error concerning essentially 4 issues. Plaintiff's first contention is that he is entitled, as a contractor, to the benefit of a logger's lien under RCW 60.24.020 which states:

> *Every person performing labor upon or who shall assist in obtaining or securing saw logs,* spars, piles, cord wood, shingle bolts or other timber, and the owner or owners of any tugboat or towboat, which shall tow or assist in towing, from one place to another within this state, any saw logs, spars, piles, cord wood, shingle bolts or other timber, and the owner or owners of any team or any logging engine, which shall haul or assist in hauling from one place to another within this state, any saw logs, spars, piles, cord wood, shingle bolts or other timber, and the owner or owners of any logging or other railroad over which saw logs, spars, piles, cord wood, shingle bolts, or other timber shall be transported and delivered, *shall have a lien upon the same for the work or labor done* upon, or in obtaining or securing, or for services rendered in towing, transporting, hauling, or driving, the particular saw logs, spars, cord wood, shingle bolts, or other timber in said claim of lien described *whether such work, labor or services was done, rendered or performed at the instance of the owner of the same or his agent.* Scalers, and bull cooks, and cooks, flunkeys and waiters

in lumber camps, shall be regarded as persons who assist in obtaining or securing the timber herein mentioned.

(Italics ours.)

Plaintiff argues that his performance of the contract with Zion to build the road to remove the timber was "obtaining or securing saw logs" within the meaning of the statute. It is further argued that he provided the ultimate in "assistance" in cutting and removing the logs in that he provided the knowledge, experience, equipment and labor, including his own work of operating tractors and supervising the job.

*Campbell v. Sterling Mfg. Co.,* 11 Wash. 204, 39 P. 451 (1895), has long been considered the leading case on that subject. That case explicitly held that the logger's lien is not available to one who employs other men to directly or indirectly perform labor upon or assist in obtaining saw logs and who does not perform the labor himself. As late as 1964 the United States Court of Appeals recognized that case as the controlling law in the state of Washington and applied the Campbell rule to an Idaho case which was based on a similar logger's lien statute. *Diamond Nat'l Corp. v. Lee,* 333 F.2d 517 (9th Cir. 1964), held that the status of the Idaho independent contractor placed him beyond the pale of the logger's lien statute of that state.

Plaintiff argues that in succeeding years the Supreme Court of the state of Washington has ignored, or at least softened, the harsh position it took in the *Campbell* case. We agree that this occurred in *DeLong v. Hi Carbon Coal Co.,* 155 Wash. 265, 283 P. 1079 (1930). The Campbell rule was not mentioned, but the court held that the logger's lien was available to one who employed others. There, as here, the lienor was engaged in the performance of labor himself in addition to the employment of others. A logger's lien was allowed for the unpaid portion of the contract price.

We are urged to expressly overrule the *Campbell* case, but we do not find it necessary to consider this because of our finding with reference to plaintiff's second contention relating to the title to the logs. The trial court found that

title to the logs was still in the United States Forest Service at the time the lien was filed.

■ Plaintiff argues that title to the logs was in defendant at the time plaintiff filed his lien or alternatively that defendant was an agent of the United States Forest Service, thereby establishing plaintiff's right to file the lien. The statutory language requiring performance of the work "at the instance of the owner . . . or his agent" makes such ownership or agency a requisite to establishing a right under the lien.

The contract between defendant and the United States Forest Service provides that "all right, title, and interest in or to any timber included in this contract shall remain in the United States until it has been paid for, cut and scaled." Plaintiff argues that all three of these conditions have been met and that title to the logs along the right-of-way was in the defendant at the time of the filing of the lien. That the timber was cut is not subject to dispute. Plaintiff's contention that the timber was paid for by means of a credit given to the defendant, as the road was constructed, would be well taken except for the fact that the exact amount of credit must be determined by scaling. We must disagree with plaintiff's argument that the timber has been scaled.

Scaling has been defined in that contract as a "method of volume determination" by various means. The contract specifies that unless agreed to in advance in writing that the method of scaling used would be as follows:

Logs and peeler blocks will be scaled by the Scribner Decimal C log rule and in accordance with Forest Service, Pacific Northwest Region rules for scaling in the Douglas-fir subregion. Scaling will be done on trucks, at the landing or wherever else the Forest Service finds it most practical without interfering unnecessarily with the logging operation.

Plaintiff has selected other provisions in the contract to support its argument that a preliminary cruise of the timber along the right-of-way and making of the boundaries of the right-of-way constituted a scaling of uncut timber.

Plaintiff's contention does not have merit because the contract provides that "when scale is by tree measurement, each tree designated for cutting . . . shall be measured before felling and the merchantable volume of such trees shall be determined." There is no evidence that each tree designated for cutting was measured and the merchantable volume determined. The record indicates that the preliminary cruise did not constitute a scaling of the timber. In fact the timber was not scaled until the year following the filing of the lien and at that time it was scaled on the trucks in accordance with the express terms of the contract for the scaling of logs and peeler blocks. Since the timber was not scaled at the time of the filing of the lien, the title remained in the United States Forest Service and had not passed to the defendant.

Nor do we see any merit to plaintiff's next argument that defendant was acting as the agent of the United States Forest Service thereby establishing a basis for the lien against defendant. Plaintiff cites the case of *O'Brien v. Perfection Pile Preserving Co.*, 49 Wash. 395, 95 P. 489 (1908), to support this contention that defendant, as an independent contractor, was an agent within the meaning of RCW 60.24.020. The *O'Brien* case involved both the owner of the logs and the independent contractor as defendants and held that the independent contractor was acting as the agent of the owner within the meaning of the statute. In that case, however, the owner was a private citizen. In the case at bar, since title had not passed to defendant, it was still in the United States. The logs, as personal property owned by the federal government, cannot be the subject of a lien without its consent. *United States v. Ameco Electronic Corp.*, 224 F. Supp. 783 (D.C.N.Y. 1963). There is no such consent in the contract between defendant and the United States Forest Service. Nor do we find that any United States statute has provided for the granting of such consent.

Since the logs, as property of the United States Forest Service, are not subject to the lien, the question of any

agency relationship on the part of defendant to the United States Forest Service is not a relevant issue. We are not determining that there is an agency relationship but, even if there were such a relationship, the logs, as property of the United States government, could not be subjected to the lien.

While the facts differ from our case in *PUD 1 v. Inland Power & Light Co.*, 64 Wn.2d 122, 390 P.2d 690 (1964), there is language which is germane to the issue we face. The Supreme Court there stated that the United States, as sovereign, is immune from suit unless it consents to be sued and that an action against property in which the United States government has an interest is a suit against the United States. It follows that without statutory or contractual consent, this action to enforce a lien against property of the United States cannot be supported.

There being no title to the logs in defendant and the alleged agency relationship of defendant to the United States Forest Service not being a relevant issue, plaintiff's second contention fails. Even if we were to expressly overrule the *Campbell* case, the logger's lien provided in RCW 60.24.020 would not be available to the plaintiff under the circumstances of this case.

■ The other contention of plaintiff is that he is a third-party beneficiary of the 10 per cent hold-back clause of the contract between defendant and Zion. The clause reads:

> As security for faithful performance of the Operator's obligations under this agreement, the Owner shall withhold from road construction payments an amount equal to 10% of the payments due. The Owner shall have the right to retain such withholding until the Operator has furnished satisfactory evidence that it has fully performed its obligations under the agreement, and that all labor, material or other costs, which may be the basis of a lien against the Owner, including workmen's compensation payments, social security payments and any other taxes or imposts by any governmental agency have been fully paid.

The obvious purpose of this clause is to protect the defendant and not to benefit claimants against Zion as the other contracting party or to assume any obligation of Zion. There was no promise on the part of defendant to perform Zion's obligation or to confer a benefit on plaintiff. Such a promise is a prerequisite of a third-party contractual action. *Vikingstad v. Baggott*, 46 Wn.2d 494, 282 P.2d 824 (1955).

Any benefits adhering to plaintiff under the contract would be incidental to the hold-back provision's obvious purpose to protect the defendant. Plaintiff, as incidental beneficiary, cannot enforce the contractual provision against either the promisor or the promisee. Restatement of Contracts § 147 (1932) at 176.

The judgment is affirmed.

PEARSON and PETRIE, JJ., concur.