[No. 16307. Department Two. October 11, 1921.]

J. S. BOLLONG et al., Appellants, v. ALPHA L. CORMAN et al., Respondents.[1]

EVIDENCE (157) — MORTGAGES (102) — ASSUMPTION OF MORTGAGE DEBT—PAROL EVIDENCE TO VARY WRITING. An oral agreement by the grantee of mortgaged premises to assume a mortgage thereon is not merged in the executed deed, but is enforcible as a contract independent of and additional to it, and hence is not within the rule against varying or adding to a written contract by parol testimony.

JUDGMENT (227)—BAR—MATTERS AND PARTIES CONCLUDED—MATTERS NOT IN ISSUE. That mortgagors and their grantee were parties defendant to a mortgage foreclosure wherein a deficiency judgment was rendered against the mortgagors was not an estoppel by judgment of the right of the mortgagors to sue their grantee in a subsequent action on her assumption of the mortgage debt, where that issue was not litigated in the foreclosure action.

MORTGAGES (102) — ASSUMPTION OF MORTGAGE — EXPENSES — RECOVERY FROM GRANTEE. Expenditures of mortgagors in a foreclosure proceeding, incurred in a fruitless effort to show that the mortgagee had made a contract releasing them, cannot be recovered in a subsequent action by the mortgagors against their grantee who had assumed the mortgage debt which they were compelled to pay.

Appeal from a judgment of the superior court for King county, Frater, J., entered November 20, 1920, upon granting a nonsuit, dismissing an action for equitable relief, tried to the court. Reversed.

O. O. Felkner and Tracy E. Griffin, for appellants.

H. E. Foster and Carl J. Smith, for respondents.

MITCHELL, J.—Respondents have moved to strike appellants' brief and dismiss the appeal, upon the ground that the same is not sufficiently definite as to its contents to comply with the rules of court. The motion has been considered and the brief of appellants examined with reference thereto, and we are of the opinion that the motion should be, and it is, denied.

[1]Reported in 201 Pac. 297.

This case is a sequel of *Buchanan v. Schubach,* 106 Wash. 399, 180 Pac. 407, where some of the history of the controversy still existing between the present parties may be found. That was a suit on a note and to foreclose a real estate mortgage, wherein the obligors attempted to show that they had been released from their obligation by the promise of Alpha L. Corman to pay the note and mortgage upon her taking title to the property subsequent to the date of the mortgage. The result of that suit was a judgment of foreclosure of the mortgage and a decision that there had been no substitution of Miss Corman in the place of the original makers of the note and mortgage, for the purpose of the deficiency judgment or at all. The judgment was affirmed by this court. During the pendency of the appeal therein, the property was sold on a special execution for the sum of $1,600. The sale was confirmed and a deficiency judgment entered in favor of the plaintiff therein and against the defendants, Schubach and wife and Bollong and wife, the makers of the note and mortgage.

Upon the going down of the remittitur of this court in that case, Bollong and wife, on November 18, 1919, paid, as they were compelled to do, the sum of $3,507.28 in full satisfaction of the deficiency judgment which had been entered against them, their joint judgment debtors, Schubach and wife, having been in the meantime judicially declared to be bankrupts. Prior to the payment by Bollong and wife of the deficiency judgment, Miss Corman, as owner, redeemed the property from the execution sale. Now, Bollong and wife, alleging those facts, and that the sole consideration for the sale to Miss Corman was her promise to pay the note and mortgage; that they were compelled to pay the deficiency judgment and $1,789, costs and expenses of litigation in the *Buchanan* suit, all of which Miss

Corman refuses to pay, and that the other defendants have acquired some subsequent and inferior interest in the property, have sued to recover judgment against Miss Corman in the amount they have necessarily expended, together with interest thereon; to be adjudged subrogated to the rights of Buchanan so as to resell the property redeemed by Miss Corman; and declaring the rights of the other defendants to be subordinate. By separate answers the defendants, Miss Corman and Smith and wife, denied material allegations of the complaint, and affirmatively plead that the plaintiff was estopped by the judgment in the *Buchanan* case from maintaining the present action. Miss Corman's answer admits she bought the property knowing the mortgage was outstanding. Replies put the affirmative matter of the answers in issue. At the close of plaintiffs' case on the trial, the court sustained a challenge to its sufficiency and dismissed the action. Plaintiffs have appealed.

Altogether there are fifty-five assignments of error, consisting largely of matters relating to evidence, all of which may be disposed of more generally.

In the first place, the complaint states a cause of action. It is well established law that "a verbal contract by the grantee of mortgaged premises to assume the mortgage thereon is enforcible as a contract independent of the deed of conveyance and additional to it, which is not merged in the executed deed, and therefore does not fall within the rule forbidding the introduction of parol testimony to vary, alter or add to a written contract." (Syllabus.) *Ordway v. Downey,* 18 Wash. 412, 51 Pac. 1047, 52 Pac. 228, 63 Am. St. 892. It is just such a case that the appellants present here. It may be there is enough testimony already in the record to *prima facie* show that Miss Corman did promise to pay the mortgage, but certainly the court erroneously

sustained objections to questions, struck out testimony that was admissible and important, and refused offers of proof sufficient to abundantly establish the promise. One DeBritz represented the Bollongs in selling the property to Miss Corman. While he was being examined on behalf of the appellants he was asked: "What did Miss Corman pay the Bollongs or Schubachs for the property, if anything?" Upon his answering: "She didn't pay anything, she assumed the mortgage," the answer was upon motion of respondents stricken by the court, upon the ground that it was a mere conclusion. Again, the following of the same witness:

"Q. Did Miss Corman give to the vendors in this transaction any consideration, by way of money, property, or anything else? Mr. Foster: That is objected to, if your Honor please. It asks strictly for the opinion of the witness; his conclusions predicated upon some things that is not before the court. The Court: Objection sustained. Mr. Griffin: Note an exception. Q. What was the consideration for this transferring of the property from the Bollongs to Miss Corman? A. The assumption of this mortgage by the grantee. Mr. Foster: I move that be stricken. The Court: Grant the motion."

Time and again the same or similar questions were asked of the witness with the same result. Several witnesses were asked with reference to admissions claimed to have been made by Miss Corman relative to her agreement to pay the mortgage, such as the examination of Mrs. Bollong, one of the grantors, as follows:

"Q. Mrs. Bollong, did you ever have a conversation with Miss Corman relative to this note and mortgage? A. Yes, sir. Q. What did Miss Corman say to you, if anything, at that time relative to her assumption of the note and mortgage? Mr. Foster: That is objected to as being incompetent, irrelevant and immaterial for any purpose. The Court: Objection sustained. Mr. Grif-

fin: Note an exception.  Q. In the original foreclosure
of this note and mortgage, in which you were joined
as defendant with Miss Corman, did you have a conver-
sation with Miss Corman relative to paying this note
and mortgage?  A. Yes, sir.  Mr. Foster: I object to
that as being incompetent, immaterial and irrelevant,
for any purpose.  The Court: Objection sustained.  Ex-
ception allowed.  Q. Did Miss Corman in any of those
conversations tell you what occurred when she pur-
chased this property?  A. Yes, sir.  Mr. Foster: I ob-
ject to that as being immaterial.  The Court: Objection
sustained.  Exception allowed.''

Thereafter the appellants made a formal offer to
prove all the matters suggested by all the questions
mentioned above, and other proof of a similar sort, and
that she took the property without any consideration to
the grantors except her promise to pay the note and
mortgage, and that subsequently she had so admitted.
The offer was objected to by the respondents ''on the
ground that it is incompetent, irrelevant and immate-
rial.''  The objection was sustained.  We are not ap-
prised by the record, including the briefs and oral ar-
guments of counsel for the respondents, of any reason
for the rulings, unless possibly the contention or claim
by respondents of former adjudication alleged to have
been had in the *Buchanan* case, but certain it is that all
the rulings referred to, and others of a similar sort,
rather too numerous to be set out herein in detail, were
erroneous.

No reasons were given by the trial court for grant-
ing the nonsuit.  At the end of plaintiff's proof the
record shows, as follows: ''Mr. Foster: I now chal-
lenge the sufficiency of the evidence, and move for a
nonsuit.  The Court: Grant the motion.  Mr. Griffin:
We take an exception to the ruling.''  It is argued by
the appellants that the court's conclusion was based
largely upon the contention of the respondents that

the appellants were estopped by the judgment in the *Buchanan* case. Indeed, counsel for respondents in their brief and orally argue here, "The complaint simply asks for a readjudication of a matter already adjudicated"—referring to the *Buchanan* case. But we cannot agree that there has been a former adjudication. A consideration of the pleadings in this case, together with the pleadings, findings and decree in the *Buchanan* case, warrant us in so holding. In that case, while these appellants and Miss Corman were codefendants therein, neither filed any cross-complaint or tendered to the other any issue whatever. They were not litigating with each other, but each defending against the suit of the plaintiff therein. The relative rights of these appellants and Miss Corman were not determined in that case, nor was it necessary to do so, nor could they be under the issues in that case. The theory of that case on the part of the Bollongs was simply that there had been, with the consent of the holder of the note and mortgage, a substitution of Miss Corman as obligor and the release of the makers of the note and mortgage to pay it. That such was the case is clearly shown by the decision in *Buchanan v. Schubach, supra,* wherein this court found it unnecessary to discuss and refused to discuss the relative rights between Miss Corman and the makers of the note and mortgage. That that case did not adjudicate the matters now in issue between the Bollongs and Miss Corman appears too plain to merit discussion or the citation of authorities.

In this connection, the contention made by the appellants that they are entitled in this case to recover the $1,789 expended by them in the *Buchanan* case is without merit. Objections were properly sustained to questions on that subject. That amount was expended

by them in a fruitless effort to show that the holder of their note and mortgage had made a contract by which they were released from the payment.

As the appellants were compelled to pay the deficiency judgment they alleged Miss Corman agreed with them that she would pay, we are earnestly urged, upon a reversal of the judgment herein, to pass upon claimed rights of the appellants to be subrogated to the rights of Buchanan under the judgment in that case, for the purpose of a resale of the mortgaged property redeemed by Miss Corman, and also to determine the rights of the appellants as against other defendants in this case who it is alleged are claimants of some junior interest in the property. Those questions however are not involved in the appeal. They are questions of law that become pertinent only when the facts alleged in the complaint are established against Miss Corman, and will be decided by the trial court at the proper time.

Reversed.

PARKER, C. J., HOLCOMB, MAIN, and TOLMAN, JJ., concur.