[No. 23352. Department Two. December 11, 1931.]

C. T. HARDINGER, *Appellant*, v. CHAS. A. FULLERTON *et al., Appellants,* W. A. SUTHERLAND *et al., Respondents.*[1]

*C. T. Hardinger,* for appellants.

*Carkeek, McDonald & Harris,* for respondents.

HOLCOMB, J.—This action was brought in the court below by appellant Hardinger against defendants Fullerton and wife and Sutherland and wife to recover from them installments due on a real estate purchase contract. For brevity, the parties will henceforth be designated as plaintiff, defendants Fullerton, and respondents. Defendants Fullerton, who had transferred the contract to respondents, cross-complained against respondents on the theory that they had assumed the payments due thereunder.

Upon a trial to the court, it found on the facts that respondents had not assumed the payments, and entered judgment in favor of plaintiff against defendants Fullerton for the payments then due, and dismissed the complaint and cross-complaint as against respondents. From this judgment, plaintiff and defendants Fullerton both appeal.

The main conflict in the facts is as to whether or not respondents assumed and agreed to pay the remainder due on the contract from F. B. Eckes and wife to the Fullertons and a mortgage of eighteen hundred dollars existing on the real estate so contracted to sell.

On September 1, 1928, defendants Fullerton purchased from F. B. Eckes and wife, on a contract in writing providing for monthly payments of twenty-five dollars each, lot 29, block 1, Sutherland's Third Addition to Seattle, for the agreed price of thirty-six hundred dollars. One hundred dollars was paid in cash at the time of contracting, and defendants Fullerton assumed and agreed to pay a mortgage of eighteen hundred dollars thereon. They agreed to pay the balance of seventeen hundred dollars in installments of twenty-five dollars monthly. They entered into pos-

session of those premises, occupied the same as their home, and made the stated monthly payments until April, 1930. On about June 21, 1929, the Eckes, by appropriate instruments in writing, transferred all their interest in the premises to plaintiff, subject to the contract and mortgage.

On March 31, 1930, defendants Fullerton entered into an exchange agreement with respondents whereby the Fullertons were to exchange the Eckes property, lot 29, block 1, Sutherland's Third Addition to Seattle, for certain other property owned by respondents known as lots 14 and 15, Sutherland's Marine View Tracts, in King county, Washington. In this agreement, the parties put a value of $3,150 on the Sutherland property, and allowed the Fullertons a three hundred dollar credit on their equity in the Eckes contract. There was a balance due of $3,214.53 on the Eckes contract, of which eighteen hundred dollars was represented by the mortgage and $1,414.53 was due plaintiff on the Eckes contract, as assignee thereof. There was also sixty-three dollars semi-annual interest due on the eighteen hundred dollar mortgage on April 1, 1930, and the taxes for 1929, estimated by the parties to be eighty-four dollars, the exact amount of which was $86.85 as subsequently disclosed, which taxes would fall due, forty-two dollars May 31, 1930, and forty-two dollars November 1, 1930, payment of which was provided for in the contract.

The Fullertons then made, according to the agreement, three notes to respondent, one for sixty-three dollars for the semi-annual interest on the eighteen hundred dollar mortgage, one for forty-two dollars for the first half of the 1929 taxes due May 31, 1930, and another for forty-two dollars for the last half of the 1929 taxes, due November 1, 1930, and twenty-five dollars needed to keep the contract in good standing

was adjusted by the Fullertons agreeing to pay that sum to respondents in cash.

The essential parts of the written exchange agreement between the parties read:

"(2) The second party in consideration of One Dollar ($1.00) paid and also in consideration of such conveyance by first party, agrees to sell and convey to first party, at a valuation for the purpose of this contract three hundred dollars, the following real estate situate in King county, Washington, to-wit: Lot twenty-nine (29), block *two (2)*, Sutherland's Third Addition to the city of Seattle.

"(3) The premises which are to be conveyed by first party are to be conveyed subject to the following incumbrances: contract on which the unpaid balance is $2,850.00 payable at the rate of $30.00 or more per month, interest at the rate of seven per cent per annum.

"(4) The premises which are to be conveyed by the second party are to be conveyed subject to the following incumbrances: an unpaid balance on the contract of $3,214.53.

1414.53

1800.00"

"(6) The difference between the value of the respective premises over and above incumbrances shall be deemed, for the purpose of this contract, to be ..................................Dollars and said sum shall be due and payable by second party, as follows:

| | |
|---|---|
| Cash ..................... | $25.00 |
| April 11, 1930............ | 63.00 |
| May 31st, 1930........... | 42.00 |
| November 1st, 1930....... | 42.00 |
| Total................ | $172.00" |

"(13) The property of each party has been carefully inspected by the other, and no agreements or representations pertaining thereto, or to this transaction, have been made, save such as are stated herein."

Thereafter, the sixty-three dollar note was paid by the Fullertons to respondents, who paid the same over

to plaintiff, and the twenty-five dollar installment was paid by the Fullertons to plaintiff. Plaintiff paid the taxes represented by the notes from the Fullertons to respondents, which amounted to $86.85, and none of the parties ever repaid the same to plaintiff.

Pursuant to the exchange agreement on April 1, 1930, defendants Fullerton entered into a formal real estate installment contract with respondents for the purchase of the property in Marine View Tracts at the agreed price of $3,150, receiving credit for the three hundred dollars for the equity on the Eckes contract and agreeing to pay the balance of $2,150 in monthly installments of thirty dollars each, beginning May 1, 1930, and also executed and delivered to respondents an unacknowledged quit claim deed with grantee's name in blank for the Eckes property. Defendants Fullerton then entered into and retained possession of respondents' property. Respondents subsequently advertised the Eckes property for sale, and later rented it, collecting about $150 in rents. On January 14, 1931, the mortgagee secured a certificate of purchase to the Eckes property, and has since been collecting the rents.

In his complaint, plaintiff set forth all the foregoing transactions as against defendants Fullerton and respondents and alleged that, in making the contract of exchange, respondents orally, specifically and impliedly promised and agreed with defendants Fullerton to pay the eighteen-hundred-dollar mortgage and the $1,414.53 balance due on the contract covering the property exchanged by the Fullertons and respondents, and to protect the Fullertons against their personal obligation to pay those amounts. It was also averred that the assumption by respondents of the mortgage and contract was for the benefit of plaintiff, who had accepted the obligation of respondents to

make such payments; and that all of them had failed to pay the twenty-five dollars monthly installments falling due May 1 and June 1, 1930, on the Eckes contract, or to pay the 1929 taxes; and judgment was prayed against both defendants Fullerton and respondents for $136.90.

By cross-complaint, appearing by plaintiff as their attorney in the suit, defendants Fullerton complained against the respondents, making substantially the same allegations as in the complaint of plaintiff, and praying that respondents be held primarily liable for the amount claimed by plaintiff.

By answer, respondents denied the allegations of both the complaint and the cross-complaint of defendants Fullerton that they had orally and impliedly assumed the obligations of the Eckes contract, and set up by way of an affirmative defense the statute of frauds.

In its opening brief, plaintiff contends that he claims by right of subrogation of the rights of respondents, and that defendants Fullerton claim by right of exoneration and indemnity under an agreement between them and respondents for an exchange of properties. It is asserted by plaintiff that his claim is supported by two grounds: First, that, as a part of the consideration for the exchange, respondents orally agreed with appellants Fullerton to hold them harmless against and to pay the incumbrances on the Fullerton property, which incumbrances included the debt of $1,414.53 owing to plaintiff; second, that, from the nature of the transaction, respondents became primarily liable for the payment of the incumbrances against the Fullerton property as a part of the consideration therefor, and in equity respondents were obligated to pay plaintiff and to exonerate and indemnify defendants Fullerton against the liability for that debt without a specific agreement to that effect.

In accordance with the insistence of appellant that it is our duty in this trial *de novo* to examine and weigh the evidence and refuse to sustain the findings of the trial court unless supported by a fair preponderance of the evidence (*Lake Gravel Co. v. Williams Co.,* 85 Wash. 360, 148 Pac. 8), all the evidence and exhibits have been carefully and critically read.

No fraud was alleged or proven against respondents.

After reading and weighing all the evidence and exhibits, we cannot consider that the testimony, either of defendants Fullerton or of respondents, except as to the one question of whether or not respondents assumed and agreed to pay the incumbrances in question, is in any wise in conflict. As to this, there was a conflict. The testimony of defendants Fullerton is no more certain, definite and convincing than that of respondent W. A. Sutherland, which is supported by the contract. Such being the case, we are unable to disturb the finding of the trial court that there was no assumption and agreement on the part of the Sutherlands to pay the remainder of the Eckes contract now owing to plaintiff.

The written contract of exchange contained no provision other than that the premises were to be conveyed by defendants Fullerton to respondents "subject to the following incumbrances," then naming the mortgage and contract amounts. This seems to have been clear and specific, and either party could enforce it as against the other, but nothing more. There is nothing in the contract to the effect that these incumbrances were assumed by respondents. There is, however, a provision in the contract that "no agreements or representations pertaining thereto, or to this transaction, have been made, save such as are stated herein."

In this connection, appellants contend that the trial court erroneously ruled that parol evidence was inadmissible to show oral assumption.

We do not so find the record. What the trial court did was to hold that question in abeyance, and allow appellants to put in all the evidence they had as to the oral promise of assumption, but finally held that, under the foregoing provision of the contract, the parol evidence could not be accepted to overthrow the contract. The trial court recognized that parol evidence of assumption of incumbrances or indebtedness was admissible to show the true consideration, even though contrary to the consideration stated in a deed or contract, and cited cases from this court to that effect: *Ordway v. Downey,* 18 Wash. 412, 51 Pac. 1047, 52 Pac. 228, 63 Am. St. 892; *Chaffee v. Hawkins,* 89 Wash. 130, 154 Pac. 143, 157 Pac. 35; *Bollong v. Corman,* 117 Wash. 336, 201 Pac. 297.

There is no doubt that the trial court followed the rule announced in this state, and did not hold that parol evidence was in no wise admissible.

It is further the rule in this state that the assignee of an executory contract is not liable on the contract in the absence of an express assumption of the obligations of the contract. *Osburn v. Dolan,* 7 Wash. 62, 34 Pac. 433; *Bimrose v. Matthews,* 78 Wash. 32, 138 Pac. 319; except where there are countervailing equities requiring deductions, as in *State Finance Co. v. Moore,* 103 Wash. 298, 174 Pac. 22.

Appellants quote and rely upon the text from 39 Cyc. 1632, reading:

"If the purchaser agrees to pay or assume an existing encumbrance he must protect or indemnify his vendor in regard thereto, and such an agreement will be implied where the sale is made subject to an encumbrance and a deduction from the purchase-price is made on this account;"

A continuation of that text from Cyc. reads:

" . . . but the purchaser is not liable for the payment of an encumbrance unless he has expressly or impliedly agreed to pay the same, and a mere recital that the property is sold subject to an encumbrance is not sufficient to create a personal liability."

The proof in this case not being sufficiently strong and convincing of an express oral assumption of the indebtedness by respondents, and the transaction involved here being the mere exchange in equities in respective tracts of land where the values are considered only, if at all, for the purpose of adjusting differences (41 C. J. 724), an implication of law that the indebtedness was assumed by respondents is not established under our cases heretofore cited. The case of *Stewart v. Baldwin,* 86 Wash. 63, 149 Pac. 662, also relied upon by appellants, involved the sale to himself by an executor, one of the strongest of fiduciary trusts. Here, the parties dealt at arm's length, and there was no fiduciary trust whatever between them.

From the whole record, we are compelled to agree with the trial court that the evidence is not clear and convincing of an assumption of the indebtedness by respondents, and that there was no implied assumption established by law.

In the matter of the taxes paid by plaintiff, respondents took the notes of defendants Fullerton for their estimated amount and retained them. The Fullertons never paid them, respondents never paid them, but plaintiff did. Respondents having defendants Fullertons' notes therefor, the Fullertons could not with safety pay them. Respondents became liable therefor, and should be adjudged indebted to plaintiff for the amount thereof. To this extent, the judgment in favor of respondents should be modified.

Appellant Hardinger, having recovered a substantially more favorable judgment against respondents, will be awarded costs of appeal as against them.

The judgment, except as modified herein, is affirmed.

TOLMAN, C. J., BEALS, MAIN, and MILLARD, JJ., concur.