[No. 45464. En Banc. December 21, 1978.]

ROBERT LONSDALE, ET AL, *Respondents,* v. SUSAN C. CHESTERFIELD, ET AL, *Defendants,* SANSARIA, INC., ET AL, *Petitioners.*

*James R. Young,* for petitioners.

*Lee R. McNair* and *Richard B. Sanders,* for respondents.

STAFFORD, J.—Robert Lonsdale, et al (plaintiffs), sued Chesterfield Land, Inc., et al (defendants). At the close of plaintiffs' case the trial court orally granted defendants' motion to dismiss with prejudice. Consequently, defendants found it unnecessary to proceed with proof of their pleaded affirmative defenses.

Following the oral decision rendered on May 25, 1975, defendants filed proposed findings of fact and plaintiffs made timely motion for reconsideration. On June 25 the motion for reconsideration was denied and the court directed the preparation of new findings. On July 24 the new findings and judgment were entered without notice to either counsel.

The following week, plaintiffs' lawyer obtained the court file in anticipation of appeal. The executed findings were present therein but the judgment was not. Its whereabouts at that time has not been explained. Plaintiffs' attorney called the trial judge's bailiff and inquired whether the judgment had been entered. He was erroneously informed by the bailiff that the judgment had not been entered but would be entered upon the trial judge's return from vacation. The bailiff related similar misinformation to defense counsel. A second judgment, identical to the first, was filed on August 25, 1975.

Acting upon the assumption that the August 25 judgment was the only one, plaintiffs filed what otherwise would have been a timely appeal on August 28. The Court of Appeals granted defendants' motion and dismissed the appeal because it had not been timely filed after the original judgment of July 24.

Plaintiffs then moved the trial court to vacate both the July 24 judgment and the August 25 judgment, pursuant to CR 60. The trial court vacated the August 25 judgment, but denied the motion to vacate the July 24 judgment asserting it lacked jurisdiction. Plaintiffs filed a timely appeal from the trial court's refusal to vacate the July 24 judgment. It is the trial court's refusal to vacate the July judgment that is before us at this juncture rather than the judgment itself.

The Court of Appeals reversed the trial court on the jurisdictional issue. It went further, however, and decided the case on its merits in plaintiffs' favor although defendants never had the opportunity to present evidence at trial on their pleaded affirmative defenses. Defendants petitioned for review of that opinion. We reverse the Court of Appeals on its resolution of the case on the merits and affirm on the jurisdictional issue.

■ CR 41(b)(3), governing dismissal on defendant's motion after plaintiff rests, provides:

> After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, *without waiving his right to offer evidence in the event the motion is not granted,* may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence.

(Italics ours.) CR 41(b)(3) expressly insures that a defendant does not waive the right to present evidence by moving for dismissal after plaintiff has rested. However, by considering this case on the merits, particularly in the absence of defendants' affirmative defenses, the Court of Appeals indirectly did what a trial court is prohibited from doing under CR 41(b)(3). If sanctioned, such action by the Court of Appeals would undermine the logical protection afforded a defendant by CR 41. A defendant would run an unacceptable risk of having a motion to dismiss granted by the trial court only to lose on the merits at the appellate level without ever having had an opportunity to present his case.

The federal courts heretofore have recognized the anomaly that would be created by an appellate review of the nature attempted here. It has been held that a case should be remanded to the trial court when a dismissal at the close of plaintiff's case is reversed on appeal.

> If, in an action tried by the court without a jury, a dismissal made under this rule on defendant's motion is

reversed on appeal the appellate court will remand the case to the district court for further proceedings and the defendant may then present any evidence he may have. . . . The court may proceed with the case as though defendant's motion for dismissal had been denied.

5 J. Moore, *Federal Practice* ¶ 41.13[2] (2d ed. 1978). We agree with this application of the rule. The Court of Appeals' decision on the merits is reversed and the cause is remanded to the trial court for action consistent with this opinion.

■ We affirm the Court of Appeals' decision on the jurisdictional issue. According to CR 60(b)(11) a motion to vacate a final judgment may be made within a reasonable time for "[a]ny . . . reason justifying relief from the operation of the judgment." The trial court, having concluded that the motion was brought within a reasonable time, had jurisdiction to consider it. We therefore remand the cause to the trial court to determine whether there are justifiable reasons to grant the motion to vacate. If the motion is granted the trial court then may either redate and reinstate the judgment or proceed with the cause pursuant to CR 41(b)(3).

WRIGHT, C.J., and ROSELLINI, HAMILTON, UTTER, BRACHTENBACH, HOROWITZ, DOLLIVER, and HICKS, JJ., concur.

Reconsideration denied February 1, 1979.