[No. 11664-6-III.   Division Three.   September 22, 1992.]

JOHN L. CORRIGAN, *Appellant*, v. JOANNE L. TOMPKINS, ET AL, *Respondents*.

*John L. Corrigan,* pro se.

*Kenneth O. Eikenberry, Attorney General,* and *Gregory J. Trautman, Assistant,* for respondents.

PER CURIAM. — John L. Corrigan appeals the dismissal of his 42 U.S.C. § 1983 action against a Court of Appeals commissioner and a panel of judges. We affirm.

Mr. Corrigan brought an action against The Lighthouse for the Blind, Inc., in 1985, asserting claims in conjunction with his employment by Lighthouse. The trial court dismissed the action on Lighthouse's summary judgment motion. Mr. Corrigan appealed. The Court of Appeals, Division One, by its commissioner JoAnne L. Tompkins, affirmed the dismissal on a motion on the merits in 1988. Mr. Corrigan moved to modify the commissioner's ruling. A panel of

judges denied the motion in 1989. Mr. Corrigan's petition for review to the Supreme Court was denied.

Mr. Corrigan brought this action for "judgment" in 1991 alleging Commissioner Tompkins and the panel of judges deprived him of due process and equal protection under 42 U.S.C. § 1983. The trial court granted the defendants' motion to dismiss under CR 12(b)(6) for failure to state a claim upon which relief can be granted. Mr. Corrigan appeals.

■ Mr. Corrigan contends Commissioner Tompkins "did not follow appeal procedures or established law" and denied him due process. However, no set of facts exists to justify a judgment for damages. Since 1869 judicial officers have consistently been held absolutely immune from civil suits for damages when performing judicial acts within their jurisdiction. *See, e.g., Stump v. Sparkman*, 435 U.S. 349, 55 L. Ed. 2d 331, 98 S. Ct. 1099, *reh'g denied*, 436 U.S. 951 (1978); *Pierson v. Ray*, 386 U.S. 547, 18 L. Ed. 2d 288, 87 S. Ct. 1213 (1967); *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 20 L. Ed. 646 (1872); *Randall v. Brigham*, 74 U.S. (7 Wall.) 523, 19 L. Ed. 285 (1869). In *Forrester v. White*, 484 U.S. 219, 227, 98 L. Ed. 2d 555, 108 S. Ct. 538 (1988), the Court observed: "immunity is justified and defined by the *functions* it protects and serves, not by the person to whom it attaches." The actions of Commissioner Tompkins and the panel of judges were judicial acts within their jurisdiction, protected from monetary claims by absolute immunity.

■■ Nor does the complaint, liberally construed, state a claim for declaratory or injunctive judgment. Without addressing the distinctions between declaratory and injunctive relief, and acknowledging a complaint can be amended to correct many technical deficiencies, Mr. Corrigan cannot meet the threshold requirements for obtaining equitable relief — a showing of inadequate remedy at law and a serious risk of irreparable harm. *See Pulliam v. Allen*, 466 U.S. 522, 537, 80 L. Ed. 2d 565, 104 S. Ct. 1970 (1984); *see also Reeder v. King Cy.*, 57 Wn.2d 563, 564, 358 P.2d 810 (1961). Mr. Corrigan had an adequate remedy at law because each

judge's and the commissioner's acts were subject to review on appeal or by petition for review. *See Reeder*, at 564; *Mullis v. United States Bankruptcy Court*, 828 F.2d 1385, 1392 (9th Cir. 1987), *cert. denied*, 486 U.S. 1040 (1988); *Lussy v. Haswell*, 618 F. Supp. 1360, 1361-62 (D. Mont. 1985). On the facts stated in his complaint, Mr. Corrigan would also be hard pressed to show irreparable harm, if it could be done at all. *See Affeldt v. Carr*, 628 F. Supp. 1097, 1103 (N.D. Ohio 1985). Mr. Corrigan has made full use of the available procedures for review; he is not entitled to an equitable remedy in this case.

We affirm the judgment of dismissal.

Review denied at 121 Wn.2d 1003 (1993).