[No. 15974-4-III. Division Three. December 9, 1997.]

VICTOR A. LEWIS, *Appellant*, v. EMMA M. BOEHM, ET AL.,
*Respondents*.

*John A. Sherrick*, for appellant.

*Steven R. Stocker* and *Michael H. Church* of *Stamper, Sherman, Stocker & Smith*, for respondents.

BURCHARD, J.* — Victor Lewis sued Emma Boehm for breach of contract. He claimed that she owed him a commission on the sale of a piece of property. Both parties moved for summary judgment. The court granted summary judgment in favor of Ms. Boehm. Mr. Lewis appeals contending the court should have granted summary judgment in his favor. We affirm.

The facts of this case are not in dispute. In 1978, Harold and Pauline Lundy and Robert Millheisler entered into a real estate sale and purchase contract with D.G. Construction & Development Company, Inc. for the purchase of real property located at the intersection of Dakota and Holland Streets in Spokane (hereinafter the Holland Street Property). Victor Lewis was the real estate broker for this contract. The parties owed Mr. Lewis a commission for this transaction, but due to the small down payment, the commission was not paid at the time of the execution of the real estate contract. Then, a dispute arose between the parties concerning the terms of the contract. To settle the dispute, the parties entered into an agreement titled "Offer to Option for Purchase and Offer to Settle Pending Legal Action." This agreement gave D.G. Construction an option to purchase the piece of property involved at a fixed price. The agreement also stated that upon the exercise of the option Mr. Lewis would have an exclusive right to sell the property for a 10 percent commission. The agreement

---

*Judge Jack Burchard is serving as a judge pro tempore of the Court of Appeals pursuant to RCW 2.06.150.

was signed by the Lundys, Mr. Millheisler, and D.G. Construction.

In 1980, D.G. Construction purchased some property located in Odessa, Washington from Emma Boehm. As partial consideration for the purchase, D.G. Construction quitclaimed and assigned its interests in the Holland Street Property option agreement to Ms. Boehm. A supplemental agreement was recorded and specifically stated that D.G. Construction agreed to retain the liability for payment of the real estate commission contemplated in the Option Agreement.

In 1981, Ms. Boehm executed a quitclaim deed and release of option back to the Lundys and Mr. Millheisler. Ms. Boehm was to be given $95,000 for the release of the option.

In 1985, the Lundys and Mr. Millheisler filed for bankruptcy. Pursuant to the bankruptcy action, a notice to sell real property, including the Holland Street Property was entered. Ms. Boehm objected to the sale of the Holland Street Property because she had not received the $95,000. In response to her objection, Ziegler Lumber Company, the proposed purchaser of the Holland Street Property, agreed to recognize an option in favor of Ms. Boehm to purchase the Holland Street Property. This agreement was reduced to writing.

In 1990, Ziegler had developed the property and gave Ms. Boehm six months notice to exercise her option to buy the property. Ms. Boehm purchased the property in 1991.

Subsequently, Ms. Boehm, a former real estate agent, attempted to sell the Holland Street Property herself. When she was not successful she enlisted an ERA Heritage Properties real estate broker to sell the property. In 1993, Ms. Boehm sold the property to Richard and Bonnie Vandervert for $300,000.00.

In April 1995, Mr. Lewis filed a complaint against Ms. Boehm claiming he had the exclusive right to sell the property, and she owed him $30,000 as commission for the sale to the Vanderverts. Both parties moved for summary judg-

ment. The court granted Ms. Boehm's motion and denied Mr. Lewis' motion. The court also denied Mr. Lewis' motion for reconsideration. He now appeals.

Mr. Lewis claims the court erred by granting summary judgment in favor of Ms. Boehm. When reviewing an order of summary judgment, the appellate court engages in the same inquiry as the trial court. *Yakima County (W. Valley) Fire Protection Dist. No. 12 v. City of Yakima*, 122 Wn.2d 371, 381, 858 P.2d 245 (1993). After considering the facts in the light most favorable to the nonmoving party, an appellate court will affirm an order of summary judgment only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.*; CR 56(c).

■ The first issue is whether Mr. Lewis is a third-party beneficiary to the original contract between the Lundys and Millheisler and D.G. Construction. The creation of a third-party beneficiary contract requires that the parties intend that the promisor assume a direct obligation to a third party at the outset of the contract. *Burke & Thomas, Inc. v. International Org. of Masters, Mates & Pilots*, 92 Wn.2d 762, 767, 600 P.2d 1282 (1979). To determine if a third-party beneficiary exists the court should consider the terms of contract and determine if performance of the contract necessarily and directly benefits a third party. *Del Guzzi Constr. Co. v. Global NW Ltd.*, 105 Wn.2d 878, 886-87, 719 P.2d 120 (1986). The original contract provided that Mr. Lewis would be paid his commission upon the exercise of the option. It is clear from the facts that Mr. Lewis was a third-party beneficiary to the contract.

■ The next issue is whether Ms. Boehm is liable to Mr. Lewis for the commission as a result of the assignment. A contract which has not yet been fully completed or performed, or in which the obligation relates to some future event is an executory contract. *Felt v. McCarthy*, 130 Wn.2d 203, 212, 922 P.2d 90 (1996) (Sanders, J., concurring). The option to purchase the Holland Street Property was based upon a future event, and thus is an executory contract.

■ Generally an assignee stands in the shoes of the assignor. *Paullus v. Fowler*, 59 Wn.2d 204, 212, 367 P.2d 130 (1961). However an assignee in an executory contract is not liable on the underlying obligations absent an express assumption of those obligations. *Hardinger v. Fullerton*, 165 Wash. 483, 490, 5 P.2d 987 (1931); *Bimrose v. Matthews*, 78 Wash. 32, 37, 138 P. 319 (1914); *Lonsdale v. Chesterfield*, 19 Wn. App. 27, 30, 573 P.2d 822, *aff'd*, 91 Wn.2d 189, 588 P.2d 217 (1978); *Higgenbotham v. Topel*, 9 Wn. App. 254, 259, 511 P.2d 1365 (1973). Thus, Ms. Boehm as the assignee is not obligated under the underlying contract unless she expressly assumed that obligation. Ms. Boehm made no such express assumptions. On the contrary, she specifically entered into a supplemental agreement under which D.G. Construction explicitly retained the obligation to pay Mr. Lewis his commission.

Both parties argue that the *Higgenbotham* case, the clearest precedent, supports their position. In that case, Topel acquired wheatland via a will which he then leased to the Higgenbothams. The lease provided that upon its expiration the summer fallow would remain the property of the lessees and the lessor would pay the lessee market value. Mr. Topel then sold the wheatland to Mr. Dregger. When the lease expired, Mr. Dregger refused to pay for the summer fallow. Mr. Dregger was the assignee in an executory contract. The court therefore concluded that he was not obligated to pay for the summer fallow because he had not expressly assumed that obligation. *Higgenbotham*, 9 Wn. App. at 255-59. Mr. Dregger's position in *Higgenbotham* is very similar to Ms. Boehm's position in the present case. D.G. Construction originally promised to pay Mr. Lewis his commission. The option contract was assigned to Ms. Boehm. She did not assume the obligation to pay the commission. Consequently, she is not obligated to pay Mr. Lewis his commission.[1]

Mr. Lewis uses California case law to support his posi-

---

[1] Mr. Lewis contends that the assignment to Ms. Boehm was not valid because he did not consent to it. He cites to no authority to support this argument. It is

tion. In California the general rule is that an assignment of rights under an executory contract does not obligate the assignee to any of the personal liabilities imposed in the contract upon the assignor. *Fanning v. Yoland Prods., Inc.*, 150 Cal. App. 2d 444, 310 P.2d 85, 87 (1957). In that case, Yoland Productions and Ronald Coleman entered into a contract by which Mr. Coleman agreed to act in a film produced by Yoland. Yoland agreed to pay Mr. Coleman $25,000 at the start of production and $75,000 from the receipts of the picture. Yoland assigned the contract to Cardinal Pictures, Inc. Cardinal refused to pay Mr. Coleman the $75,000. Mr. Coleman assigned his rights to receive the $75,000 to Mr. Fanning. Mr. Fanning sued both Yoland Productions and Cardinal for the $75,000. The court did require Cardinal to pay Mr. Fanning because Cardinal directly benefited from Mr. Coleman's performance. The California court held the assignee was obligated on the theory of estoppel due to the fact that services were performed. *Fanning*, 310 P.2d at 89. Mr. Lewis contends this case supports his position. *Fanning* is not contrary to our holding here. Mr. Lewis did not perform any services that benefited Ms. Boehm and thus, under the California rule, Ms. Boehm would not be obligated to pay Mr. Lewis the commission.

 ██ Both Mr. Lewis and Ms. Boehm contend that equity favors their position. Neither side supports their argument with any legal authority. An appellate court need not consider issues that are not supported by citations to legal authority. *McKee v. American Home Prods. Corp.*, 113 Wn.2d 701, 705, 782 P.2d 1045 (1989). In any event, equitable remedies are not available unless the remedies at law are inadequate. *Corrigan v. Tompkins*, 67 Wn. App. 475, 477, 836 P.2d 260 (1992), *cert. denied*, 510 U.S. 842 (1993). Here, the legal remedy is quite adequate and equitable remedies are not therefore necessary.

 Ms. Boehm has requested that this court award her

important to note that Mr. Lewis never signed the original contract either. Mr. Lewis was a third-party beneficiary to the original contract. The fact that he did not consent to the assignment does not render it invalid.

attorney fees under RAP 18.9 arguing that this appeal is frivolous. An appellate court may order a party to pay the other party's attorney fees when the appeal is frivolous. RAP 18.9(a). An appeal is frivolous if the appellate court is convinced that the appeal presents no debatable issues upon which reasonable minds could differ and so lacks merit that reversal is not conceivable. *In re Marriage of Foley*, 84 Wn. App. 839, 847, 930 P.2d 929 (1997). Mr. Lewis' appeal involved debatable issues upon which reasonable minds could differ. Attorney fees are not appropriate under RAP 18.9.

We affirm and deny Ms. Boehm her attorney fees.

SWEENEY, C.J., and KURTZ, J., concur.