[No. 33050. Department One. April 21, 1955.]

GEORGE VIKINGSTAD, *Respondent*, v. HAROLD E. BAGGOTT *et al., Appellants.*[1]

*Malcolm J. Bell*, for appellants.

*Ferguson & Burdell* and *W. Wesselhoeft*, for respondent.

FINLEY, J.—This is an action by respondent to recover money from appellants on the basis of an alleged contract between appellants and one Morton E. Lang (not a party to this action), whereby appellant Harold E. Baggott promised Lang that he would pay respondent one thousand dollars. It is quite evident that respondent's complaint is framed to state a cause of action on the theory that he is a third-party donee beneficiary of the above-mentioned con-

[1]Reported in 282 P. (2d) 824.

tract, and that, as such, he has the right to enforce the contract by a suit brought in his own name.

Appellant Harold E. Baggott is a real-estate broker, doing business in King county, Washington. On February 23, 1952, respondent paid appellant Baggott one thousand dollars in connection with the purchase of certain real estate in King county. Respondent received an earnest money receipt and an agreement, signed by Harold E. Baggott, as agent for the sellers. Subsequently, respondent returned to his home in Minnesota. Thereafter, he became somewhat uncertain about the advisability of completing the contemplated purchase. Mr. Baggott wrote respondent, indicating that another purchaser might be willing to buy the property, in which event the earnest money paid by respondent would be returned. Respondent replied that, if the one thousand dollars earnest money payment was returned to him, he would be perfectly willing to relinquish his claim upon the property.

On April 28, 1952, Harold E. Baggott, as broker, entered into an earnest money agreement with Morton E. Lang, a salesman in his office. This agreement covered the same property upon which respondent had previously made his earnest money payment. Just prior to the execution of the earnest money agreement, Lang told Baggott that he would not purchase the property through Baggott's real-estate firm, unless the prior earnest money payment was returned to respondent. Baggott thereupon stated that he would return the money to respondent. Lang then turned to a Mrs. Hyatt, who had heard the conversation, and said, "Mrs. Hyatt, you are a witness." The earnest money agreement between Lang and Baggott was then executed. At the trial of this action, both Mr. Lang and Mrs. Hyatt testified, in substance, as above, regarding the promise of Baggott to Lang. Respondent's one thousand dollar earnest money payment was never returned to him. He subsequently brought this action to recover it.

The trial court entered judgment for the respondent. Appellants urge that respondent was not entitled to maintain

this action as a third-party donee beneficiary of the agreement between Lang and Baggott, because Lang did not intend to benefit respondent. It is contended that the *sine qua non* of a third-party donee beneficiary contract is an intent by one of the parties to a contract to confer a benefit upon a third person. We agree with this latter proposition. Based upon it, appellants argue that (a) Lang admittedly wished to have the original earnest money returned to respondent, not for the sole purpose of bestowing a bounty upon respondent, but in order to make a "clean deal" for himself; and, therefore, (b) that the requisite beneficial intent is not to be found. In other words, appellants maintain that the benefit intended must be of an altruistic nature and completely without thought of any gain to the party extracting the promise.

■ We find the law to be otherwise. In *Cascade Tbr. Co. v. Northern Pac. R. Co.*, 28 Wn. (2d) 684, 184 P. (2d) 90, we determined that a party was entitled to intervene in a contract action because the party was a donee beneficiary of that contract. We so concluded, although it was argued and was apparent that the promisee of the beneficial promise extracted the promise for purely selfish reasons, and his desire or motive was not a benefit to the third party. See, also, Annotation, 81 A. L. R. 1271, 1287, where, under a topic heading entitled, "*d. Intention or object of parties; direct or incidental benefit*," it is stated:

"If the terms of the contract *necessarily require the promisor to confer a benefit upon a third person*, then the contract, and hence the parties thereto, *contemplate a benefit to the third person* . . . [citation]; and this should be sufficient to enable the latter to enforce the contract, although it also worked to the advantage of the immediate parties thereto . . . [citations], and although the actual purpose motivating the parties in making the provision in question was the purely selfish one of benefiting or protecting themselves, rather than of benefiting the third person. The 'intent' which is a prerequisite of the beneficiary's right to sue is 'not a desire or purpose to confer a particular benefit upon him,' nor a desire to advance his interests, but an intent that the promisor shall assume a direct obligation

to him. . . . [citation] So long as the contract necessarily and directly benefits the third person, it is immaterial that this protection was afforded him, not as an end in itself, but for the sole purpose of securing to the promisee some consequent benefit or immunity. In short, the motive, purpose, or desire of the parties is a quite different thing from their intention. The former is immaterial; the intention, as disclosed by the terms of the contract, governs." (Italics ours.)

In Restatement of Contracts 151, § 133 (1a), it is stated that a third party is a donee beneficiary,

". . . if it appears from the terms of the promise in view of the accompanying circumstances that the purpose of the promisee in obtaining the promise of all or part of the performance thereof is to make a gift to the beneficiary *or to confer upon him a right against the promisor to some performance neither due nor supposed or asserted to be due from the promisee to the beneficiary.*" (Italics ours.)

Illustrations 2, 3, and 4 of subsection (1a) further emphasizes the fact that the only intent of the promisee required to invest a third party with capacity to sue as a donee beneficiary is an intent to confer upon that third party a right against the promisor, which the third party had not previously enjoyed; and the promisee's motive in conferring such a right is immaterial. We, therefore, conclude that, on the basis of the agreement between Lang and Baggott as to the disposition of the original earnest money, respondent is a third-party donee beneficiary, and is entitled to maintain this action.

▪ Appellants next argue that, subsequent to the above-mentioned agreement, Lang and Baggott entered into a written earnest money agreement; that this written agreement was integrated, and, therefore, by virtue of the parol evidence rule, the prior oral agreement cannot be admitted to add to or vary the provisions of the written agreement. The oral agreement by appellant Baggott to pay back to respondent Vikingstad the one thousand dollars obtained by virtue of a previous earnest money agreement is distinct from, independent of, and not in conflict with the subsequently executed earnest money agreement between Mr.

Lang and Mr. Baggott. It is, therefore, a "collateral contract," and, as such, is not subject to the alleged restriction of the parol evidence rule. *Buyken v. Ertner*, 33 Wn. (2d) 334, 205 P. (2d) 628, and cases cited. For a similar, though more lenient, statement of this rule, see Restatement of Contracts 335, § 240 (1b), and comments thereto.

In this connection, appellants rely upon *Dennison v. Harden*, 29 Wn. (2d) 243, 186 P. (2d) 908, which appears to present a rule which would exclude an oral agreement such as is here involved. It should be noted, however, that in the *Dennison* case we stated that a written agreement could not be added to or varied by a prior oral agreement which *contradicted* or *altered* the terms of the written agreement. The oral agreement here in question does not contradict or alter the terms of the subsequently executed earnest money agreement.

We have considered all of appellants' assignments of error. Considering the views we have expressed hereinbefore, the assignments point out no significant error. We are well aware that this leads to affirmance of the judgment upon a theory apparently different from that relied upon by the trial court. But as to this, the propriety of our action is so well established that no citation of authorities is necessary.

The judgment of the trial court is affirmed.

HAMLEY, C. J., SCHWELLENBACH, DONWORTH, and MALLERY, JJ., concur.