[No. 44-40294-1.    Division One.    December 29, 1969.]
Panel 1

PLYWOOD SUPPLY, INC., *Respondent*, v. GEORGE KARR *et al.*, *Appellants.*

*Griffin & Bortner* and *Matthew D. Griffin*, for appellants.

*Haggarty, Hess & Shuey* and *Benjamin P. Shuey*, for respondent.

PER CURIAM.—George Karr, a trailer house dealer, and Carl Kanekeberg, a trailer house craftsman, decided to go into the business of manufacturing trailer houses. They formed a corporation for this purpose and called it Road King Manufacturing Company, Inc. Prior to incorporation, they approached Plywood Supply, Inc. to establish a line of credit to purchase plywood. Plywood was sold thereafter on credit, and the billings therefor were addressed to "Road King Manufacturing Inc. and or George Karr, Box 2318, Everett, Washington." (The address of Road King.)

Plywood Supply made sales in this manner for a period of 18 months until notified by Karr that he was no longer

associated with Road King. At that time there was an unpaid balance on the account, and this suit was brought to recover the balance.

Karr's defense is the statute of frauds, RCW 19.36.010. Karr claims that all sales were to Road King as principal and that his oral agreement to pay was a surety promise to answer for the debt of another and therefore void because not in writing.

On conflicting evidence, the trial judge found that credit was extended *exclusively* to Karr, that all sales were made solely to him, and that the practice of billing Road King as well as Karr was merely an accommodation Karr requested. Karr has assigned error to none of the trial judge's findings of fact. Since none of the findings is set out verbatim or assigned as error in Karr's brief, the findings are the established facts in this appeal. CAROA 43; *Locke v. Gaboriault*, 70 Wn.2d 1011, 422 P.2d 309 (1967).

The trial judge's findings of fact support his conclusion of law that Karr is liable.

Affirmed.