[No. 513-40749-1.   Division One—Panel 2.   June 1, 1971.]

McDonald Construction Co., *Appellant*, v. John S. Murray et al., *Respondents and Cross-appellants*, United Pacific Insurance Company, *Appellant*.

*Lycette, Diamond & Sylvester* and *Lyle L. Iversen*, for appellant.

*Moriarty, Long, Mikkelborg & Broz, Charles P. Moriarty, Jr.*, and *Alec W. Brindle*, for respondents and cross-appellants.

James, J.—By the terms of a written contract, McDonald Construction Company undertook the construction of an addition to a commercial building owned by the John S. Murray marital community. Significant to the litigation culminating in this appeal is a provision of the contract requiring McDonald to complete its work within 75 calendar days. Substantial evidence supports the trial judge's finding that 239 days elapsed before the building was ready for occupancy.

McDonald brought this action to recover the unpaid balance of the contract price.

The trial judge found that the Murrays had been damaged by reason of McDonald's failure to complete construction within the time limited. The balance found to be due

McDonald under the terms of the contract was credited and the Murrays were given a judgment against McDonald for the sum of $4,056.05.

McDonald's first assignment of error is that "[t]he court assessed damages for delay upon an invalid basis." However, both in oral argument and its written brief, McDonald concedes that the court applied a proper measure of damages, *i.e.,* the reasonable rental value of the premises for the delay period. McDonald's argument is, in essence, that there was no substantial evidence upon which the court could determine the reasonable rental value of the premises. In finding of fact 11, the trial judge found that: "The reasonable rental value of the premises is determined to be $600 per month . . ." The finding was not set out in McDonald's brief nor was error assigned thereto. By the provisions of CAROA 43, we must accept finding of fact 11 as an established fact. *Iverson v. Graham,* 59 Wn.2d 96, 366 P.2d 213 (1961), *Plywood Supply, Inc. v. Karr,* 1 Wn. App. 596, 463 P.2d 176 (1969).

McDonald's second assignment of error is that "[t]he findings of fact do not support the judgment." McDonald makes no argument to support this assignment other than its argument that the evidence does not support finding of fact 11. Clearly the judgment of the trial court is fully supported by the findings.

The Murrays assign error to the trial judge's finding of fact that McDonald and the Murrays agreed to resolve a dispute concerning backfill material and that the agreement was reflected in a change order which provided that the Murrays would be chargeable with the cost of backfill material estimated to be in the sum of $1,500 but with any variance from that figure to be subject to later arbitration. The Murrays' contention is that by the terms of the contract, McDonald was required to provide all backfill material. Their argument fails to recognize that it was the trial judge's finding of *fact* that the parties agreed to the terms of the change order. While it may be true that under the terms of the basic contract McDonald was required to fur-

nish suitable backfill material, there was no reason why the parties could not modify the contract by their subsequent agreement. The trial judge's finding is supported by substantial evidence.

The trial judge found as a fact that Queen Anne News, Inc. was not a party to the construction contract and that its only relationship to the transaction was as a prospective tenant for the premises McDonald undertook to construct. Consequently, Queen Anne News was dismissed from the action.

Queen Anne News claims that the delay in completion of the premises caused it to lose anticipated profits. It asserts a right to recover from McDonald upon the legal theory that it was a third-party beneficiary of the construction contract.

A third-party beneficiary is one who, though not a party to the contract, will nevertheless receive direct benefits therefrom. In determining whether or not a third-party beneficiary status is created by a contract, the critical question is whether the benefits flow directly from the contract or whether they are merely incidental, indirect or consequential. 17 Am. Jur. 2d *Contracts* § 305 (1964). An incidental beneficiary acquires no right to recover damages for nonperformance of the contract. Restatement of Contracts, § 147 (1932). "[I]t is not sufficient that the performance of the promise may benefit a third person, but that it must have been entered into for his benefit, or at least such benefit must be the direct result of performance and so within the contemplation of the parties." (Footnote omitted.) 17 Am. Jur. 2d *Contracts* § 304 (1964). "The question whether a contract is made for the benefit of a third person is one of construction. The intention of the parties in this respect is determined by the terms of the contract as a whole construed in the light of the circumstances under which it was made." *Grand Lodge of Scandinavian Fraternity of America v. United States Fid. & Guar. Co.,* 2 Wn.2d 561, 569, 98 P.2d 971 (1940).

In regard to the requisite intent, in *Vikingstad v. Bag-*

*gott,* 46 Wn. (2d) 494, 282 P. (2d) 824, we recognized the rule stated in 81 A. L. R. 1271, 1287, that such "intent" is not a desire or purpose to confer a benefit upon the third person, nor a desire to advance his interests, but an intent that the promisor shall assume a direct obligation to him.

*American Pipe & Constr. Co. v. Harbor Constr. Co.,* 51 Wn.2d 258, 266, 317 P.2d 521 (1957).

Queen Anne News points out that the evidence established that McDonald was aware of the fact that it was to become the Murrays' tenant when the addition to the Murrays' building was completed. Queen Anne News argues that the Murrays' intent, together with McDonald's knowledge thereof, is sufficient to afford the News the status of a third-party beneficiary.

We do not agree. Any benefit which Queen Anne News could assert would be derived from the intervening tenancy agreement which it had with the Murrays. Queen Anne News derived no direct benefit from the construction contract and consequently had no right of action against McDonald because of McDonald's breach of performance. The trial judge did not err in dismissing Queen Anne News' cross-complaint.

We find no error and affirm the judgment in all respects.

FARRIS, A.C.J., and SWANSON, J., concur.

Petition for rehearing denied July 19, 1971.

Review denied by Supreme Court August 26, 1971.