273 So.2d 685 (1973)
HERTZ EQUIPMENT RENTAL CORP. et al., Plaintiff-Appellant,
v.
HOMER KNOST CONSTRUCTION COMPANY, INC., et al., Defendant-Appellee.
No. 9188.
Court of Appeal of Louisiana, First Circuit.
February 1, 1973.
*686 Robert L. Kleinpeter and Richard B. Nevils (Kleinpeter & Nevils), Baton Rouge, for plaintiff-appellant.
Frank Coates, Jr. (Taylor, Porter, Brooks & Phillips), Baton Rouge, for defendant-appellee.
Before LANDRY, TUCKER and PICKETT, JJ.
PICKETT, Judge.
The plaintiffs, Hertz Equipment Rental Corporation, and its insurer, Highlands Insurance Company, instituted this action against Homer Knost Construction Company, Inc. and its insurer, Aetna Insurance Company, to recover the sum of $9,939.69, together with legal interest thereon from June 29, 1971, until paid, for damages to a crawler-type lift crane. The defendants answered with a general denial and affirmatively alleged that the damage to the crane resulted from the negligence of the employees of the plaintiff, Hertz Equipment Company, or because of defective parts of the equipment. There was judgment in the District Court against Homer Knost Construction Company, Inc., and in favor of plaintiff, Hertz Equipment Rental Corporation, for the sum of $2,500.00 and in favor of Highlands Insurance Company for the sum of $7,439.69, with legal interest thereon from June 29, 1971, until paid, and for all cost. The suit against Aetna Insurance Company was dismissed with prejudice. The defendants have appealed suspensively and the plaintiffs have appealed devolutively.
For simplicity, plaintiff, Hertz Equipment Rental Corporation, will sometimes hereinafter be referred to as Hertz; the *687 plaintiff, Highlands Insurance Company, as Highlands; defendant, Homer Knost Construction Company, Inc., as Knost; and defendant, Aetna Insurance Company, as Aetna.
On June 15, 1971, Hertz leased to Knost a Model 4000MV Manitowoc 150 ton crawler type lift crane and all necessary rigging. The crane was insured by Highlands in a property floater insurance policy issued to Hertz on April 1, 1970. The lease rental contract executed by Hertz and Knost included a provision that Knost would assume all risk of loss or damage to the leased equipment; and that lessee would obtain and maintain during the rental period a standard contractor's equipment floater insurance policy to protect the interest of Hertz in the leased equipment. On June 17, 1971, Knost obtained in its favor insurance from Aetna covering the leased equipment; and on June 25, 1971, Aetna provided Hertz with a certificate of such insurance. The crane was then delivered to Knost's job site at the Enjay Plastic Plant in Baton Rouge, Louisiana.
On June 29, 1971, the crane was damaged to the extent of $9,939.69, while on the job site in the Enjay Plastic Plant. Highlands paid Hertz $7,439.69, the amount of damages to the crane, less $2,500.00 deductible; and because of such payment, claims it has been subrogated to the rights of Hertz against the defendants, to the extent of the payment. Hertz seeks payment from the defendants for the sum of $2,500.00 deductible. As stated by the trial Judge, both plaintiffs base their claim upon the provisions of the rental agreement, and particularly paragraph 10, which provides:
"All risk of loss of or damage to the Equipment shall be in Lessee, and Lessee agrees to return the Equipment to Lessor in the condition in which received, ordinary wear and tear only excepted. Lessee shall obtain and maintain during the rental term a standard contractor's equipment floater insurance policy to protect the interest of Lessor as interest may appear to the total amount of the Value of Equipment as set forth in Article 1 hereof and shall, prior to delivery of the Equipment, furnish Lessor with evidence of such insurance including an insurer's certificate that such policy is in effect and shall not be altered or terminated without twenty (20) days' prior written notice to Lessor."
The stipulation of facts filed in the District Court recites the negligence of the employees of Hertz and Knost are not relevant to the issues involved. Therefore, Hertz being without fault, is entitled to indemnification for its loss. The Trial Judge, in his written reason for judgment, has very clearly and concisely determined the party primarily liable for loss resulting from the damage to the crane as follows:
"In resolving the issues presented for decision by this suit, the Court must first determine the party primarily liable for the loss or damage to the crawler crane. The parties have stipulated that negligence is not relevant in this suit. That being so, the Court must resort to the exhibits presented to determine the basic liability. Paragraph `10' of this rental agreement declares that the lessee, Homer Knost, is to sustain all risk of loss or damage to the leased equipment. There can be no question, therefore, that Homer Knost is primarily liable for the loss or damage to the crawler crane."
We conclude that Knost is primarily liable to Hertz for its loss. The plaintiffs seek indemnification from Knost and its insurer. On the other hand, the defendants contend that Highlands having insured Hertz, and Aetna having insured Knost for the identical loss, because of conflicting provisions of the insurance policies. Aetna is only responsible for a pro rata share of the loss. The clause pointed *688 out by defendants in the Highlands policy is:
"11. OTHER INSURANCE
This policy shall be excess over any other insurance whether prior or subsequent hereto, and by whomsoever effected, directly or indirectly covering loss or damage insured hereunder, and this Company shall be liable only for the excess of such loss or damage beyond the amount due from such other insurance, however, not exceeding the limits as set forth herein."
The clause in the Aetna Policy pointed out by defendants is clause 7(g), as follows:
"7. THIS POLICY DOES NOT INSURE AGAINST
(g) Loss or damage or expense, if at the time thereof, there is any other insurance which would attach if this insurance had not been effected, except that this insurance shall apply only as excess and in no event as contributing insurance and then only after all other insurance has been exhausted."
The defendants argue that the above quoted clauses are mutually repugnant and consequently ineffective. Based on the jurisprudence stated in Graves v. Traders and General Insurance Company, 200 So.2d 67 (1st Cir., 1967), the defendants contend the loss should be apportioned on a pro rata basis according to the respective limits of coverage by the insurers. In the Graves case, the court was confronted with a case of double coverage policies providing primary protection, attended by mutually repugnant excess or escape clauses that rendered them ineffective. The court being unable to fix liability on one of the insurers to the exclusion of the other, apportioned the loss between the insurers in proportion to the coverage afforded.
Unlike the insurers in the Graves case, the policy issued by Aetna does not purport to name Hertz as an insured. Section 5 of Aetna's Policy provides: "All adjusted claims shall be paid or made good to the insured within sixty (60) days after the presentation and acceptance of satisfactory proof of interest and loss ..." Knost is the insured, referred to in the preceding quotation. Hence, any payment that Aetna makes will necessarily be made to Knost. We find no provision in the Aetna policy which would obligate it to make any payment to Hertz, or that indicates any intention to insure Hertz, even as a third party beneficiary. Aetna only agrees to indemnify Knost for any claim it is required to pay because of damage to the crane. As stated by the Trial Judge, Hertz and Knost had separate insurable interests. Furthermore, Louisiana Revised Civil Code, Articles 1890 and 1902, provide that contracts for the benefit of third persons must clearly express such an intention. The jurisprudence requires that such a provision for the benefit of third persons be in writing and clearly manifest an intention to confer a benefit upon a third party. In Fontenot v. Marquette Casualty Company, 258 La. 671, 247 So.2d 572, the Court said:
"Courts should not and cannot by implication extend or restrict a contract to mean something different from that intended by the parties."
For the above and foregoing reason, we conclude Hertz is not insured by Aetna in any manner. Since Hertz is not insured by Aetna, the above mentioned exclusionary clauses are not relevant to the issues in this case.
The policy under which Highlands insured Hertz contains the standard subrogation provisions. Therefore, when Highlands paid to Hertz the sum of $7,439.69 for damage to the crane leased by Hertz to Knost, Highlands was subrogated to the rights of Hertz under the rental agreement *689 against Knost. See Capital Building & Loan v. Northern Insurance Company, 166 La. 179, 116 So. 843.
Having found that Knost is primarily liable to Hertz for the loss or damage to the crane, it necessarily follows that by the subrogation agreement Highlands may pursue the right of Hertz against Knost to recover the sum paid by it to Hertz. Therefore, the plaintiffs are entitled to recover their claims against the defendant, Homer Knost Construction Company, Inc.
If we assume, for the purpose of argument, that Aetna's policy provides additional insurance for Hertz, and Hertz's loss should be pro rated between Highlands and Aetna on the basis of their respective policy limits, the plaintiffs' recovery would still be the same. Highlands as the subrogee of Hertz, would recover from Knost its pro rata portion of the loss, and Hertz would recover from Knost its deductible under the lease agreement.
The trial judge correctly found the defendant, Homer Knost Construction Company, Inc., primarily liable to Hertz Equipment Rental Corporation, under its lease contract, for the damages to the crawler crane. Therefore, the judgment of the trial court in favor of the plaintiffs and against the defendant, Homer Knost Construction Company, is proper.
Furthermore, having concluded Hertz is not insured under the Aetna policy, we find the plaintiffs have no right of action against the defendant, Aetna Insurance Company. We concur in the judgment of the trial court in dismissing the suit as to Aetna Insurance Company, and reserving the right of Homer Knost Construction Company, Inc. to pursue any claim for indemnification that it may have against the Aetna Insurance Company.
For the foregoing reasons, the judgment of the district court is affirmed. Costs of the proceedings to be borne by the defendant, Homer Knost Construction Company, Inc.
Affirmed.