[No. 6504-9-III. Division Three. September 12, 1985.]

POSTLEWAIT CONSTRUCTION, INC., *Appellant,* v. GREAT AMERICAN INSURANCE COMPANIES, ET AL, *Respondents.*

*James Earl Reed, Joseph A. Blumel III,* and *Backman, Blumel & Reed,* for appellant.

*Peter Joseph Johnson* and *Johnson & McLean,* for respondents.

McINTURFF, A.C.J.— Postlewait Construction, Inc., appeals a summary judgment dismissing its action against Great American Insurance Companies for breach of an agreement to insure. We agree with the Superior Court that Postlewait was not a third party beneficiary of the policy in question. Therefore, we affirm.

On July 9, 1982, Postlewait leased two of its cranes to P.K. Contractors. The written lease provided:

The lessee warrants that the following minimum insurance will be maintained in effect during the term of lease or rentals.

. . .

D. Equipment insurance in the amount of replacement value.

P.K. Contractors already held insurance through Great American Insurance Companies; thereafter that insurance was amended to cover the cranes. While Postlewait was not named as an additional insured in the policy, it was issued a "Certificate of Insurance" which specified:

CANCELLATION CLAUSE:—It is hereby understood and agreed that this policy or policies shall not be cancelled or altered nor the amount of coverage reduced until at least 10 days after notice of cancellation, alteration or reduction has been mailed to the party to whom the certificate is addressed.

THIS CERTIFICATE OF INSURANCE is issued subject to the terms, conditions and coverage of policy numbers of the above listed Insurance Company or Companies. It is not intended to affirmatively or negatively alter, extend or rescind any of the existing terms, conditions or coverage of the above mentioned policy or policies.

Levi Postlewait, president of Postlewait, attested that in

reliance thereon, Postlewait canceled the insurance it carried on the cranes.

P.K. Contractors returned one of the cranes in a damaged condition in November 1982. Postlewait sought payment from Great American, which issued a draft in partial compensation jointly payable to P.K. Contractors and Postlewait. In December 1982 and January 1983, the other crane was damaged in two separate fires. When Postlewait was unable to resolve the matter with Great American, it brought this action for breach of the insurance agreement, bad faith and breach of the Consumer Protection Act. Great American successfully moved for summary judgment on the ground that Postlewait was not an intended beneficiary of its agreement to insure P.K. Contractors.

■ Postlewait contends the court erred when it held as a matter of law that it was not a third party beneficiary of the insurance contract. We disagree.

> The creation of a third–party beneficiary contract requires that the parties intend that the promisor assume a *direct obligation* to the intended beneficiary at the time they enter into the contract.

(Italics ours.) *Burke & Thomas, Inc. v. International Org. of Masters,* 92 Wn.2d 762, 767, 600 P.2d 1282 (1979). *See also Lonsdale v. Chesterfield,* 99 Wn.2d 353, 361, 662 P.2d 385 (1983); *Simons v. Tri–State Constr. Co.,* 33 Wn. App. 315, 323, 655 P.2d 703 (1982). The test of intent "is 'not a desire or purpose to confer a particular benefit upon [the third party],' . . . but an intent that the promisor shall assume a direct obligation to [the third party]". *Vikingstad v. Baggott,* 46 Wn.2d 494, 496–97, 282 P.2d 824 (1955) (quoting Annot., *Right of Third Person To Enforce Contract Between Others for his Benefit,* 81 A.L.R. 1271, 1287 (1932)). *See also Simons; McDonald Constr. Co. v. Murray,* 5 Wn. App. 68, 70, 485 P.2d 626 (1971). Whether a contract creates such an obligation is a question of construction, with the parties' intent "determined by the terms of the contract as a whole construed in light of the circumstances under which it was made." *Grand Lodge of Scandinavian*

*Fraternity of Am., Dist. 7 v. United States Fid. & Guar. Co.,* 2 Wn.2d 561, 569, 98 P.2d 971 (1940); *Simons; McDonald Constr.* Generally, the construction of a contract presents a question of law for the trial court which may be resolved on summary judgment. *Marquez v. UW,* 32 Wn. App. 302, 306, 648 P.2d 94 (1982), *cert. denied,* 460 U.S. 1013 (1983).

Hence, in *Grand Lodge,* the court held that district lodges were third party beneficiaries of a surety bond issued to the supreme lodge of the Scandinavian Fraternity of America. There, the bond itself expressly mentioned the district lodge officers. Moreover, the supreme lodge would not suffer money damages by reason of dishonesty on the part of district lodge officers and, therefore, would not need the bond to protect its own financial interest. *Grand Lodge,* at 571. Similarly, *Lonsdale,* at 361, allowed a development's residents to directly sue the purchaser of their real estate contracts where the purchaser had expressly assumed the obligation of the original seller to construct a water system for the development.

On the other hand, the Supreme Court in *Burke* refused to infer an intent on the part of a union and a public employer to assume a direct obligation to the public by reason of their collective bargaining agreement. Likewise, a sewer contractor who agreed to indemnify a city for loss or damage incurred during its work did not assume a direct obligation to landowners suffering loss or damage. *Simons,* at 324. And in *McDonald Constr.,* at 71, the court held that the fact a builder was aware that a newspaper was the prospective tenant of the owners was not sufficient to make the builder directly liable to the newspaper for failure to construct the building in the agreed time.

Do the terms of the insurance agreement construed in the light of the circumstances present here indicate an intent by P.K. Contractors and Great American that the latter assume a direct obligation to Postlewait? Certainly, the insurance policy itself evidences no such intent. P.K. Contractors is the named insured; Postlewait is not men-

tioned in the policy. P.K. Contractors' lease with Postlewait promises that it will secure insurance on the cranes, but, under *Vikingstad,* at 496–97, a party's desire or purpose to benefit a third party is not the same as an intent to assume a direct obligation to that third party. Furthermore, the record contains no evidence that Great American was even aware of the lease.

Postlewait relies heavily on the fact it was issued certificates of insurance by P.K. Contractors' insurance broker. It argues that the certificates indicate Great American knew of Postlewait's interest in the insured property and therefore intended to assume a direct obligation to Postlewait. However, the certificates themselves do not identify Postlewait as having an ownership or any other interest in the cranes, and Postlewait has not cited any authority to support an inference that such certificates are issued only to persons with an interest. In fact, it has been noted that "[a] certificate of insurance is not a substitution of parties. It 'is not, and does not purport to be, a policy, but states that a policy covering the goods is in existence . . .'" (Citations omitted.) *Atlas Assur. Co. v. Harper, Robinson Shipping Co.,* 508 F.2d 1381, 1386 (9th Cir. 1975).

In a similar case, the Louisiana Court of Appeals was not persuaded that an insurer intended to make a third party a direct beneficiary of its insurance agreement by the fact it had issued the third party a certificate of insurance. *Hertz Equip. Rental Corp. v. Homer Knost Constr. Co.,* 273 So. 2d 685 (La. Ct. App. 1973). There, Knost leased a crane from Hertz, promising to secure insurance on the crane during the lease period. Knost obtained insurance from Aetna, which provided Hertz with a certificate of insurance. When the crane was damaged, Hertz sued Aetna directly. In upholding the dismissal of that action, the court noted the policy did not name Hertz as an insured and contained no other provision by which Aetna was obliged to make any payment to Hertz. *Hertz,* at 688. Here, the certificates of insurance state they are subject to the conditions of the policy and do not purport to create a direct obligation on

the part of Great American to Postlewait.

The dissent, relying on *Stewart–Smith Haidinger, Inc. v. Avi–Truck, Inc.,* 682 P.2d 1108 (Alaska 1984), argues we should find a third party beneficiary contract implied at law. We disagree. As noted above, Washington case law holds that the parties must intend to create an obligation to a third party; we find no Washington authority for the implied at law theory used in *Avi–Truck.* In addition, the parties did not raise this theory either on appeal or in superior court. Consequently, the record does not address one of the critical factors considered by the *Avi–Truck* court: whether the insurer's risk was the same regardless of who owned the cranes.

Accordingly, we hold the Superior Court did not err when it concluded as a matter of law that Postlewait was not a third party beneficiary.

The judgment of the Superior Court is affirmed.

CORBETT, J., concurs.

THOMPSON, J. (dissenting)—I dissent from the majority holding that Postlewait Construction Co. is not an intended third party beneficiary under the insurance policy and is, therefore, precluded from pursuing its claim against Great American Insurance Companies. For the reasons which follow I would reverse the trial court's order granting summary judgment in favor of the insurer.

The majority concludes Postlewait was not an intended third party beneficiary because Great American did not expressly assume a direct obligation to Postlewait. The majority would limit the inquiry to the insurer's intent to benefit the third party. However, *Grand Lodge of Scandinavian Fraternity of Am., Dist. 7 v. United States Fid. & Guar. Co.,* 2 Wn.2d 561, 569, 98 P.2d 971 (1940), noted:

Ordinarily, it is sufficient if the contract was evidently made for the benefit of the third person. Where the contract between the first party and the second party was entered into for the benefit of others, and where it appears that such benefit must be the direct result of

performance and so within the contemplation of the parties, the third persons may enforce the contract, as such third persons are not incidental beneficiaries without rights under such contract.

Restatement (Second) of Contracts § 302, at 439–40 (1981) also provides:

(1) Unless otherwise agreed between promisor and promisee, a beneficiary of a promise is an intended beneficiary if recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties and either

. . .

(b) the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.

Intention may be inferred from the facts. *Burke & Thomas, Inc. v. International Org. of Masters,* 92 Wn.2d 762, 767, 600 P.2d 1282 (1979). Here, the facts are uncontroverted that the lease required P.K. Contractors to procure insurance coverage for Postlewait's equipment, and that P.K. Contractors, as promisee under the insurance policy, obtained such insurance from Great American with the intent to benefit Postlewait.

Although the majority relies upon *Hertz Equip. Rental Corp. v. Homer Knost Constr. Co.,* 273 So. 2d 685 (La. Ct. App. 1973) in affirming the trial court's dismissal, that case is clearly distinguishable by the requirement under Louisiana statutes that contracts for the benefit of third persons must clearly express such an intention in writing.[1] *Hertz,* at 688. In the context of an airplane lease, the Alaska Supreme Court recently determined a third party beneficiary contract should be implied at law in a similar insurance dispute. *Stewart–Smith Haidinger, Inc. v. Avi–Truck, Inc.,* 682 P.2d 1108 (Alaska 1984). There, the insurer also claimed the lessor lacked standing to enforce the contract because it was not a named beneficiary under the policy.

---

[1]This statutory requirement is referred to in Louisiana case law as a "stipulation *pour autrui*". *See Whittington v. Louisiana–Pacific Corp.,* 385 So. 2d 863, 865 (La. Ct. App. 1980).

Holding a third party beneficiary contract would be implied at law, the court found the facts satisfied a 2–part inquiry: (1) the risk to the insurer remained unchanged; and (2) the third party was within the class intended to be benefited by the parties to an insurance contract. *Avi–Truck,* at 1113.

Applying the same 2–part inquiry to the present case, the facts indicate Great American intended to insure the equipment, and the risks and performance contemplated were identical whether P.K. Contractors or Postlewait possessed the insurable interest in the equipment during the lease term. Consequently, Postlewait should be allowed to pursue its action as an intended third party beneficiary under the policy.

Review granted by Supreme Court November 22, 1985.